## PRATER *vs.* COX *et al.*

1. Actual notice to an agent of any matter connected with his agency is also actual notice to his principal, and is not merely constructive notice to the latter.

2. Section 3583 of the Code, which provides that "when any person has *bona fide* and for a valuable consideration purchased" realty, and has been in possession four years, the same shall be discharged from the lien of any judgment against his vendor, does not protect one who purchases with notice that the property is subject to the lien of a judgment at the time of the purchase.

CRAWFORD, Justice, concurred.

JACKSON, Justice, dissented.

Title. Fraud. Prescription. Statute of limitations. Principal and agent. Notice. Before Judge McCutchen. Whitfield Superior Court. October Term, 1879.

Reported in the decision.

SHUMATE & WILLIAMSON, for plaintiff in error.

JOHNSON & McCAMY, for defendants.

WARNER, Chief Justice.

This was an action of ejectment brought by the plaintiff against the defendants to recover the possession of a tract of land therein described. On the trial of the case the jury, under the charge of the court, found a verdict in favor of the defendants. A motion was made for a new trial on various grounds, one of which was, that the verdict was contrary to the charge of the court and therefore contrary to law, which was overruled and the plaintiff excepted.

It appears from the evidence in the record, that Prater, the plaintiff's lessor, purchased the land in dispute at sheriff's sale under an execution in his own favor against Hiram Cox, Varnell, and Kincannon, which issued on a judgment dated 17th December, 1868. The defendant, J. P. Cox, purchased the land in dispute from Varnell, one of the defendants in *fi. fa.*, through his father Hiram Cox, another defendant in *fi. fa.*, who acted as his agent in making the purchase of the land in April, 1873, went into the possession thereof, and claimed to have been in possession of the land for four years as a *bona fide* purchaser for a valuable consideration, as provided by the 3583rd section of the Code, prior to the levy of Prater's *fi. fa.* thereon. The court charged the jury to the effect that if they found from the evidence that Hiram Cox purchased the land as agent for his son J. P. Cox, and he had notice of the existence of the judgment at the time of the purchase, that would be notice to his principal J. P. Cox. On the hear-

ing of the motion for a new trial, the court admitted that the finding of the jury was contrary to its charge as hereinbefore stated, but upon reflection had come to the conclusion that its charge was erroneous ; that notice to the agent was only *constructive* notice to his principal, whereas the law required that he should have had *actual* notice of the existence of the judgment, and refused the new trial for that reason, and the question is whether the charge was right or erroneous.

The 2200th section of the Code declares that notice to the agent of any matter connected with his agency is notice to the principal. This we understand to mean *actual* notice ; that is to say, if the agent had actual notice the principal had actual notice. See 55 *Ga.*, 438. There can be no doubt from the evidence in the record that Hiram Cox, who purchased the land as agent for his son, J. P. Cox, had notice of the judgment lien upon it at the time of the purchase.

But it is said that notice to the agent of J. P. Cox was not sufficient to affect his conscience with moral fraud, as heretofore ruled by this court in relation to a prescriptive title to land, under the provisions of the 2683rd section of the Code. That section requires that the adverse possession of land, in order to give a good prescriptive title, must be under written evidence of title for seven years. But if such written title be forged or fraudulent, and notice thereof be brought home to the claimant before or at the time of the commencement of his possession, no prescription can be based thereon. It is under this section of the Code that this court has held that notice of the forged or fraudulent written title must be such as to affect the conscience of the claimant. Under the 3583d section all the purchaser has to show is that he is a *bona fide* purchaser of the land for a valuable consideration and has been in possession of it for four years, then he will hold it discharged from the lien of any judgment against the person from whom he purchased. The statute does not require that the purchaser

shall be in possession of the land for four years under *written evidence of title* as in case of a prescriptive title for seven years. When the purchaser has notice of the lien of a judgment at the time of his purchase, the presumption is that he purchases the land subject to that lien and assumes the risk. There is not ·necessarily any fraud in his purchase; all that can be said is that the statute will not run in his favor when he purchased with notice of the judgment, and why should it? Perhaps he paid that much less for the land, but whether he did or not that was his own lookout. In order to be protected under the provisions of §3583 of the Code the purchaser must purchase the land without notice of the judgment at the time of his purchase, have paid a valuable consideration for it, and been in possession thereof for four years. 56 *Ga.*, 617. In the view we have taken of this case from the evidence disclosed in the record, the charge of the court to the jury was right, and it erred in overruling the plaintiff's motion for a new trial.

Let the judgment of the court below be reversed.

CRAWFORD, Justice, concurring.

The question dividing the chief justice and the senior associate justice in this case is, as to the legal effect which the notice of an unsatisfied judgment has upon the purchaser of property under section 3583 of the Code. One holds that the notice of the judgment lien prevents him from being such a *bona fide* purchaser as to protect him against the judgment after four years possession; the other, that he may have notice and still purchase *bona fide* and claim the protection of his title under a possession of four years.

Innocent purchasers of property for a valuable consideration are always a favored class of suitors, and their rights are protected both in courts of law and courts of equity. They are protected even where their vendors' title was obtained by fraud, and so too if they buy without notice of

an equity.    Relief against wrong and fraud though granted as between original parties and their privies, none is granted as against *bona fide* purchasers.

Can there be a case found where a man with notice buys property subject to a judgment who ever expected or intended that it should be sold to pay that judgment?    It is well known to him that it is liable to seizure and sale, unless his vendor pay off the *fi. fa.*, or that there is other and sufficient property to pay it, or that the creditor will not proceed against it until the bar of the statute attaches. Suppose his vendor deceive him, or that he was mistaken as to the amount of property subject, and that the creditor seeks to enforce his lien on the transferred property, would it be a just reply to say that the purchase was *bona fide* and for a valuable consideration and therefore not liable? Or, although he knew that it was liable, and that the amount of property in the defendant's hands would be that much less with which to pay off the *fi. fa.*, still it was not bought in bad faith to the judgment creditor, as it was bought fairly and honestly from the judgment debtor.    The lessening of a debtor's assets liable to execution by buying it, with notice of the lien, is not such an act of good faith as should protect the purchaser of those assets against the execution, even though four years elapsed before the levy. For these reasons I concur in the judgment of the court.

JACKSON, Justice, dissenting.

For the reasons given by the majority of this court in *Sanders vs. McAffee et al.*, 42 *Ga.*, 250, and also in my own dissenting views in *Phillips vs. Dobbins*, 56 *Ga.*, 617, I dissent from the judgment of reversal and hold that one who pays full value for land may be a *bona fide* purchaser thereof, so as to free the land he so pays full value for from the lien of a judgment against his grantor after four years possession thereof, though he, by his agent or otherwise, had full knowledge of the judgment.    The sole question is

*bona fides* with possession for four years.    The mere knowledge of the judgment cannot be *conclusive* of bad faith. That circumstance may be rebutted by many things which would show perfect good faith, but I leave the argument where, in *Phillips vs. Dobbins*, I rested it.