BROUGHTON *et al.*, executors, *vs.* FOSTER, executor.

1. The agreed statement of facts in this case is so meagre and unsatisfactory, that this court is unable to pass upon the question of discharge of the property involved from the lien of plaintiff's judgment.

(*a.*) After a deed to land has been made to attorneys as a fee, and the grantor has been adjudged a bankrupt, to say in an agreed statement of facts that the land was "reported" in the bankruptcy proceedings, and "allowed" as fees to the attorneys by the register, but was never in the charge of the assignee, is too vague and indefinite to form a basis for a judgment of this court, involving what may have been actually done in the bankrupt court.

2. Actual notice to an agent of matters connected with his agency is also actual notice to his principal, and the latter is bound thereby.

(*a.*) Notice to a purchaser of a subsisting judgment against property purchased, is only *prima facie* evidence of *mala fides*, and he may rebut such presumption by showing that he acted in good faith towards the judgment creditor. The question of *bona fides* in such cases is one to be reached by evidence and settled by a jury, not by the ruling of the judge, absolutely concluding one who purchases with notice of a judgment.

CRAWFORD, J., dissenting from this head-note.

January 16, 1883.

Practice in Supreme Court.   Vendor and Purchaser. Notice.  *Bona Fides.*  Before Judge LAWSON.   Jasper Superior Court.   October Term, 1881.

Reported in the decision.

KEY & PRESTON, by JACKSON & KING, for plaintiffs in error.

FLEMING JORDAN ;  C. L. BARTLETT, for defendant.

CRAWFORD, Justice.

Isaac T. Wyatt, in May, 1873, employed Key & Preston, attorneys at law, to procure for him a discharge in bankruptcy, and in consideration of their services therefor, executed to them a deed to one hundred acres of his land. This land, as appears by an agreed statement of facts, was "reported" in the bankruptcy proceedings, and "allowed" as fees to the attorneys, by the register and district judge, but was never taken charge of by the assignee.   The testimony shows that this land was sold by the attorneys to W. H. Wyatt, a son of the bankrupt, the bankrupt acting as the agent of the son in the purchase, and taking for him a bond for titles, under which the son claimed that he went into possession.   This bond was transferred to J. A. Broughton, to whom the attorneys named made a deed, April 23, 1878, and under which he claims to have been also in possession of the land.

An execution against the bankrupt, dated January 22, 1859, and never proved in bankruptcy, was levied upon this land, March 11, 1879; a claim was interposed by Broughton, a trial had, and the property found subject; whereupon he moved for a new trial, which was refused, and he assigned the same as error.

Under this motion for a new trial, we are called on to decide:

(1.) Whether the facts stated discharged the lien of the plaintiff's judgment on this land; and,

(2.) Whether the notice which W. H. Wyatt had of this judgment, was such as to make him a *bona fide* purchaser under the law, and protect him and his vendee against its lien after four years' possession of the land.

1. Upon the first question, we regret to say, that the agreed statement of facts is entirely too meagre and unsatisfactory, as well as too inconsistent with itself, to enable this court to rule the law arising thereunder. To say that the land was reported after the deed, and administered in bankruptcy, when the title was out of the bankrupt before his adjudication, and never in the hands of the assignee at all, is too vague and indefinite for any satisfactory judgment to be rendered thereon by this court. It should be shown exactly what was done ; and when so shown, then the judgment of this court can be satisfactorily rendered.

2. The court charged the jury, that notice to the agent was notice to the principal, and that if Isaac T. Wyatt was the agent of his son, Wm. H. Wyatt, in the purchase of this land from Key & Preston, and negotiated the trade, and he had notice of this judgment, that was notice to his principal, and the purchase and possession by the said Wm. H. Wyatt, under said notice, would not be *bona fide*.

In this connection, the judge refused to charge the following request in writing, offered by the claimant's counsel: " The fact that a purchaser of land had actual notice of a subsisting judgment against it, is not absolutely conclusive against said purchaser on the question of *bona fides*, but the presumption of fraud, or of bad faith, arising from such actual notice at the time of the purchase, may be rebutted by proof of other circumstances antecedent or accompanying the transaction."

This court concurs with the judge below in holding that notice to Isaac T. Wyatt, who purchased this land for his son, was notice to the son ; that is to say, actual notice to the agent of any matter connected with his agency, is also actual notice to the principal, and he is bound thereby. Upon the balance of the charge given, and that refused,

a majority of the court hold, that notice to a purchaser of a subsisting judgment against property purchased, is only *prima facie* evidence of *mala fides* against him, and that he may rebut and overcome this legal presumption by showing that he acted in good faith towards the judgment creditor. In other words, that the question of *bona fides* in such cases is one to be reached by evidence and settled by a jury, and not by the ruling of the judge that one who purchases with notice that the property is subject to the lien of a judgment, is absolutely concluded against showing the good faith of his purchase.

For myself, I adhere to the judgment rendered in the case of *Prater vs. Cox et al.*, 64 *Ga.*, 706, and refer to the opinion there delivered for the reasons which induced me to concur with the late Chief Justice Warner on the ruling then made. It is due to the learned judge, whose judgment is here reversed, to say that, in pronouncing it, he followed the decisions made by a majority of this court in the cases of *Phillips vs. Dobbins*, 56 *Ga.*, 617, and *Prater vs. Cox et al.*, 64 *Ga.*, 706, which contained the latest rulings on the question.

Judgment reversed.