### JONES *v.* HOUGH, executrix.

1. Upon the trial of a proceeding instituted against a husband and wife by the executrix of a deceased mortgagee to foreclose a mortgage executed by the defendants to secure their joint and several promissory notes, dated January 22, 1885, and payable to the deceased, the wife was not a competent witness to testify in her own behalf that the note and mortgage were given for the husband's debt, and that she signed these instruments as surety for him.

2. It appearing from an inspection of certain books of account kept by the deceased in his own handwriting, and covering a considerable period of time prior to the date of the note, that they contained no charges against the wife, but did contain an account made out against the husband alone, upon which was an entry in these words, " Jan. 22, 1885, rec'd payment by note,"

these books, and an account made out upon a separate piece of
paper against the husband by the deceased, upon which was a
receipt in the following words, "Rec'd payment by note, Jan. 22,
1885," signed by the deceased, were admissible in evidence in
behalf of the wife, they being offered to show that the note was
the debt of the husband alone, and it appearing that the prin-
cipal of the note was exactly the same as to amount as would
be due upon the account after computing interest thereon to the
date of the note.

3. Whether or not the evidence thus offered was sufficient to estab-
lish the wife's defense was a question fór the jury, and the court
erred in rejecting this evidence and in directing a verdict for
the plaintiff.

May 23, 1896.  By two Justices.  Argued at the last term.

Foreclosure of mortgage.  Before Judge Hart.  Morgan
superior court.  March term, 1895.

Mrs. Hough, executrix of A. S. Hough, brought her
petition against Milton and Rachel Jones, to foreclose a
mortgage.  Mrs. Jones alone resisted the foreclosure, al-
leging in her plea that she was not indebted to plaintiff,
that she was a married woman, and that the debt secured by
the mortgage was the debt of her husband.

Upon the trial plaintiff introduced the note the mortgage
was given to secure, which was a joint and several note,
signed by both defendants, dated January 22, 1885, due
one day after date, payable to A. S. Hough or bearer, for
$40.75, with interest at eight per cent. per annum after
maturity.  Also, the mortgage given to secure said note,
which mortgage was dated March 9, 1885, and was signed
by both defendants.  This mortgage was on "our lot con-
taining one acre in Madison, Morgan county," etc.  It con-
tained a stipulation to pay ten per cent. attorney's fees in
the event the note was collected or sued at law.  Upon
it was a credit of all interest to December 31, 1890.

Defendant introduced evidence showing that the note
and mortgage were in the handwriting of A. S. Hough, as
well as the receipted statement of account, hereinafter men-
tioned; that the books produced under notice were the books

of A. S. Hough; that A. S. Hough was his own book-keeper; that the account on the books against Milton Jones was in Hough's handwriting; and that Rachel Jones was the wife of Milton Jones. Defendant then introduced the receipted statement of account:

"Milton Jones to A. S. Hough, dr.

| | | | |
|---|---|---|---|
| 1883, Sept. 15.—To bal. on cooking stove | $ | 5 | 80 |
| 1885, Jany. 15.—To 1 1-3 yrs. int. at 8 | | | 61 |
| 1884, Dec. 31.—To 16 mo. ground-rent for shop, $2.00 | | 32 | 00 |
| Jan. 1, 1885.—To 10 mo. int. on $32.00 at 8 | | 2 | 14 |
| | | $40 | 55 |

Received payment by note, Jany. 22, 1885.

A. S. Hough."

Defendant's counsel offered to prove by her, that the consideration of the note and mortgage was the debt of her husband, and not her debt. Plaintiff objected on the ground that Hough, one party to the contract, was dead. This objection was sustained.

Defendant then offered the books of Hough for 1882, 1883, 1884 and 1885, produced by plaintiff under notice, to show, that Hough had no account for said years against her, but did have an account against her husband; and that the note of January 22, 1885, secured by the mortgage, was given in part for an account on said book against Milton Jones at various dates in 1883 and 1884, finally closed by the entry "Jan. 22, 1885. Recd. payment by note, $7.80"; and that said account was not her debt but that of her husband. Plaintiff objected that the evidence furnished by the books was irrelevant. The court sustained the objection.

Plaintiff then moved to rule out the receipted statement of account, already set out, on the ground that it was irrelevant. This motion was sustained.

There being no further evidence, the court directed the jury to return a verdict for plaintiff.

Defendant excepted to each ruling stated.

*Calvin George*, for plaintiff in error.
*Foster & Butler*, contra.

LUMPKIN, Justice.

1. The wife was incompetent to testify that the note and mortgage were given for the husband's debt and that she signed the same only as surety for him, for the reason that she was a party to the action, interested in its result, and the testimony in question necessarily related to a transaction between herself and the deceased mortgagee. In view of the provisions of the evidence act of 1889, the trial judge properly refused to allow her to testify as to the matters mentioned.

2, 3. The defense set up by the wife being as above indicated, the books of the deceased and the account referred to in the second head-note ought to have been admitted in evidence. They certainly contained evidence tending to support the wife's theory that the note was given for the debt of the husband alone.

As the case is to be tried again, we will not now express any opinion as to whether or not this evidence was sufficient to establish the fact sought to be proved by it; but it certainly ought to have been passed upon by the jury.

*Judgment reversed.*