## UNION SAVINGS BANK & TRUST CO. *v.* ELLIS *et al.*

To charge the jury upon an hypothesis which there is no evidence to support is erroneous.

Argued March 9, — Decided April 9, 1900.

Complaint.   Before Judge Nottingham.   City court of Macon.   August 8, 1899.

*Steed & Ryals,* for plaintiff.
*Washington Dessau* and *Roland Ellis,* for defendant.

Fish, J.   The Union Savings Bank and Trust Company sued Ellis and Toole as makers, and Duncan as indorser, upon a promissory note.   Their defense was that the note was "entirely without consideration"; that while the note "was signed by the two defendants who appear thereon as makers" and "was indorsed by the defendant who appears thereon as indorser," neither the makers nor the indorser ever "received one dollar on account of said note from said petitioner or any one else;" that it was never given to the plaintiff or any one else as an evidence of debt; that it was simply "left" with one Nelligan, who "was the accountant and cashier" of the plaintiff, as security for the making of "certain improvements upon certain property, which improvements were made; that the conditions upon which it had been deposited with him having been fulfilled," they inquired, at various times, of Nelligan what had become of the note, and were always informed by him that he could not lay his hands upon it; that the plaintiff was not a bona fide holder of the note, but "got possession of [it] through the said Nelligan, its officer, with all of the knowledge that said officer possessed."   Upon the trial of the case the jury returned a verdict in favor of the defendants.   The plaintiff made a motion for a new trial, which was overruled, and it excepted.

One ground of the motion for a new trial was that the court erred in charging the jury as follows:   "If you find, from the evidence in this case, that the defendants did execute this note, did contract with Nelligan individually, if their contract was with him as an individual, that this note was made and deposited with him simply as security for the performance of certain conditions, and if you believe further that those conditions were met, if it was delivered to be security for making of certain improvements upon a building or buildings, and you believe those improvements were made, and if you believe further that the contract was that that note should be surrendered upon the mak-

ing of those improvements; and if you believe further that the plaintiff, the Union Savings Bank and Trust Company, obtained this note from Nelligan, and that he was, at the time that he entered into the contract with the defendants, an official of the bank charged with the duty of discounting papers, then the court charges you that whatever knowledge Nelligan may have had, as to the real consideration and purpose of the execution and delivery of that note, would be the knowledge of the plaintiff, the Union Savings Bank and Trust Company." One assignment of error on this charge is that "There is no evidence, as plaintiff contends, to show that Nelligan was 'charged with the duty of discounting papers.'" We think that the court erred in thus charging the jury. We have examined the evidence contained in the record very carefully, to ascertain whether this charge was authorized by the evidence, and find that there is no evidence whatever which shows that Nelligan "was an official of the bank charged with the duty of discounting papers." In discussing this ground of the motion, counsel for the defendants lay great stress on the fact that the evidence shows that Nelligan was "the accountant and general manager of the Union Savings Bank." True, Ellis, one of the defendants, did so testify; but he utterly failed to enlighten the court and jury in reference to the authority or duties of "the accountant and general manager" of that bank, and there was no other evidence in the case from which this information could be derived. If this bank had such an officer, so far as our knowledge of the offices usually pertaining to banking corporations extends, his office was an anomalous one. Possibly no such office as this really existed in this bank, and the witness, in using this expression, was merely stating his own opinion as to Nelligan's connection with and authority in the bank, from facts which he knew but did not disclose in his evidence. But, taking it for granted that there was such an office as this in this corporation, as matter of law the court could not, and did not, undertake to determine whether, if the facts alleged by the defendants in reference to the purpose for which the note was executed and left with Nelligan were true, knowledge thereof by such an official of the bank would be notice to the bank itself. So far as the jury were concerned, they

were left entirely in the dark as to the authority or duties of so uncommon a bank official as "the accountant and general manager of the Union Savings Bank," and, as we have said, there was no other testimony from which the jury could have found that the duty of discounting papers for this bank devolved upon Nelligan. To charge the jury upon an hypothesis which there is no evidence to support is erroneous. This is so self-evident, and has been so often decided by this court, that it is unnecessary to cite authorities to this effect. This error was committed while the court was charging the jury upon the vital issue in the case, and because of it a new trial should have been granted.

While there may have been inaccuracies of expression in some of the other extracts from the charge which are excepted to, we do not think that, when the charge is considered as a whole, there was any material error in the portions of it upon which error is assigned, except as above indicated.

*Judgment reversed. All the Justices concurring.*