## HALL *v.* ROGERS *et al.*

1. When it was in a trial a material question whether or not the payee of a promissory note which had been signed by several persons, apparently as principals, took it with knowledge of the fact that one of them in signing the instrument intended to bind herself only as a surety for the others, testimony tending to prove that the payee had no such knowledge, and that if this fact had been known to him he would not have accepted the note, was admissible, not for the purpose of showing that as between the alleged surety and her co-obligors her true relation to the paper was not one of suretyship, but to show that the payee did not intend to contract with her in that relation.
2. Errors in a charge are immaterial when the verdict rendered was, under the law applicable, demanded by the evidence.
3. The verdict for the plaintiff in the present case was so demanded, and the court erred in granting the defendants a new trial.

Argued November 16, —Decided December 12, 1901.

Complaint. Before Judge Reagan. Fayette superior court. June 27, 1901.

*W. B. Hollingsworth, J. F. Golightly* and *J. H. Leavitt,* for plaintiff. *J. W. Wise* and *R. L. Berner,* for defendants.

LUMPKIN, P. J. This was an action by H. A. Hall against Mrs. M. J. Rogers, R. R. Rogers, F. B. Rogers, and A. D. Rogers, upon a promissory note dated February 25, 1896. There was a verdict for the plaintiff ; the defendants made a motion for a new trial, which was granted, and to this the plaintiff excepted. The note sued on was signed by all of the defendants, the name of Mrs. Rogers appearing first, and there was nothing on the face of the paper to indicate that any one of the makers signed as surety. They set up the defense of failure of consideration, and Mrs. Rogers the further defense that she signed the note as a surety, and, being a married woman, the contract evidenced by the note was, as to her, void. The motion for a new trial, besides the general grounds, contained others assigning error upon the admission in evidence of a mortgage executed by Mrs. Rogers and given to secure the payment of the note sued on, and the allowance of testimony to the following effect: F. B., R. R., and A. D. Rogers represented to the plaintiff "that Mrs. Rogers had some land and would sign note," and that "she had agreed to become principal and put up the land to pay" the plaintiff the attorney's fee for which the note was to be given. The objection urged against the admissibility of this testimony was, that the parties making these statements were not shown to be the accredited agents of Mrs. Rogers, and therefore what they said could not bind her, and was immaterial and irrelevant. The introduction in evidence of the mortgage executed by her was objected to on the ground "that same was immaterial and irrelevant." In the motion for a new trial exception was also taken to certain portions of the charge given by the court to the jury.

There was no evidence whatever in support of the defendant's plea of failure of consideration. The undisputed testimony showed that the circumstances under which Mrs. Rogers signed the note were substantially as follows: Her son, F. B. Rogers, was under indictment for the offense of seduction, and desired to employ the plaintiff, who was an attorney at law, to defend him. For this purpose he and R. R. and A. D. Rogers entered into negotiations with the plaintiff, who inquired as to their ability to pay fees. They represented to him that Mrs. Rogers had some land and would sign a note as principal, securing its payment by a mortgage

on the realty.    The plaintiff thereupon agreed that if she would sign such a note and mortgage, he would undertake the defense of F. B. Rogers.    The plaintiff prepared the note sued on, and it was signed by F. B. Rogers on the second line, R. R. Rogers on the third line, and A. D. Rogers at the bottom, leaving the first line for the signature of Mrs. Rogers.    In pursuance of an undertaking on their part to procure her signature to the note, the three who had signed in the presence of the plaintiff then left with the note, and it was subsequently returned to him with the signature of Mrs. Rogers on the first line.    He would not have agreed to take the case except upon the express understanding that she should sign the note as a principal; and he accepted it, when returned to him, on the belief that she was the first principal.    In addition to this, he sent the mortgage to be executed by her before the case was tried, and it was returned to him with her signature affixed thereto. There was testimony in behalf of the defendants to the effect that in signing the note Mrs. Rogers intended to bind herself as a surety merely, but there was nothing going to show that any such intention was ever communicated to the plaintiff.

1. The evidence objected to was, we think, clearly admissible. It was not competent for the purpose of showing that, as between Mrs. Rogers and her co-obligors, her true relation to the note was other than that of a surety, but it was relevant upon the question whether or not Hall accepted the note and rendered the services in the belief that she had signed the note as a principal.    On the face of the paper she held herself out to him as a principal, and it was certainly competent for him to prove that he had no understanding with her or with her co-obligors to the effect that she should be regarded as a surety merely.    It is evident that Hall expected her to sign as a principal.    It must be borne in mind that her co-obligors were not his agents, but were under contract with him to procure the signature of Mrs. Rogers to the note as a principal. When the note was returned to him, they had apparently complied with their undertaking.    As between Mrs. Rogers and Hall, she, according to the principle laid down in *Pirkle* v. *Chamblee*, 109 *Ga.* 32, was under the burden of showing, not only that she intended to sign the note as a surety, but also that Hall accepted it with knowledge of that fact.    The evidence which the court admitted over objection of the defendants tended to establish the fact that

he did not accept the note with any such understanding. The mortgage was admissible as showing that in executing it she recognized the contract evidenced by the note and thereby led the plaintiff to believe that she had agreed to sign as a principal.

2. It is not necessary to consider whether the charges complained of were or were not erroneous; for if there was no error in admitting testimony, and the evidence demanded the verdict, as we are prepared to hold it did, the finding of the jury should not be set aside because of any erroneous instructions which may have been given to them. This is obvious.

3. The above outline of the substantial facts of the case demonstrates, we think, without the need of further discussion, that the verdict in favor of the plaintiff was the only logical outcome of the trial; and it follows that the court below erred in granting a new trial. See *Howard* v. *Simpkins,* 70 *Ga.* 322, 328.

*Judgment reversed. All the Justices concurring.*