SIVELL *v.* HOGAN, administratrix.

FISH, J. 1. An interrogatory is not open to the objection that it is leading when it does not suggest the answer desired. An interrogatory which does suggest the answer desired is leading. The first interrogatory objected to in the present case was not leading, and the second one was.

2. There was no error in admitting the testimony set out in the third ground of the motion for a new trial, the same being pertinent and relevant to the case.

.3. The original plaintiff by whom the alleged contract with the defendant was made being dead, the latter was not a competent witness to testify in his own favor as to any contract or conversation between him and the deceased.

4. Whether or not the document referred to in the fifth ground of the motion for a new trial was, for any reason, inadmissible in evidence, it was certainly not open to the objection that it was irrelevant.

5. The plaintiff having failed to prove the allegation that the price of the cotton to which the contract with the defendant related was actually tendered, and this allegation being essential, the court erred in directing a verdict in her favor.

.6. This case involves no new or important legal question, and does not require further elaboration.

*Judgment reversed. All the Justices concurring, except Lewis, J., absent.*

Submitted May 1, — Decided June 7, 1902.

Action for breach of contract. Before Judge Longley. City .court of LaGrange. October 3, 1901.

T. M. Hogan sued E. M. Sivell on the following contract:

"Georgia, Harris Co. Know all men by these presents that I have this day sold T. M. Hogan 10 bales of cotton averaging 500 lbs. each, at 7 cents per pound, basis middling threes (Inman's classi-fication); said cotton to be delivered in Chipley, Ga., by Nov. 1st, 1900. Witness my hand and seal this 9th day of July, 1900.

E. M. Sivell, L. S."

The damage sued for was the difference between the contract price and the value of such cotton on November 1, 1900. The plaintiff alleged that on the date last named he tendered to the de-fendant $350, and demanded the ten bales of cotton contracted to be delivered, but the defendant refused the money so tendered, and failed and refused to deliver the cotton or any of it. The plaintiff died before the trial, and his administratrix became a party in his stead. The court directed a verdict in favor of the plaintiff for the amount of damage claimed, and overruled the defendant's motion for a new trial.

1. Error was assigned upon the overruling of the defendant's ob-jections to the following interrogatories propounded to J. F. Cleave-land, a witness for the plaintiff, the ground of objection being that the questions were leading: (1) "Did you or not ever hear any conversation between T. M. Hogan in his lifetime, with the defend-ant E. M. Sivell, with reference to ten bales of cotton Sivell had contracted to deliver to Hogan on Nov. 1st, 1900? and if so, state what the conversation was." (2) "Did or not Hogan ask Sivell in

your presence to deliver said cotton, or why he had not delivered it, and that he was ready to pay for same; and did or not Sivell refuse to deliver it?"

2. In answer to the questions just stated, Cleaveland testified: "I was passing T. M. Hogan's store, . . saw Hogan and E. M. Sivell in the store, and heard them talking about cotton; and as M. L. Hogan and others had told me and talked to me in regard to the contract with Mr. Sivell, I stopped in front of the store to hear the conversation. I heard Mr. Hogan tell Mr. Sivell that he had the money to pay him for the cotton, and that he wanted the cotton; that the contract was past due, and that he wanted the cotton; and Sivell told Mr. Hogan that he did not know about that, that the contract was not right." This was objected to on the grounds that it was too indefinite, and did not state what cotton or contract was the subject of conversation; that it referred to a time when the contract was past due, and a demand or tender at that time was irrelevant; and that the testimony did not show a tender, a demand, or a refusal, and was therefore irrelevant. The objections were overruled. The witness further testified that he did not know the day or the month when this conversation occurred, but that it was some time during the cotton season.

3. The defendant offered to testify that the following instrument was executed by Hogan contemporaneously with the one sued on: "Georgia, Harris County. Know all men by these presents, I have this day purchased of E. M. Sivell　　　bales cotton, averaging five hundred (500) pounds each, at seven (7) cents per pound, basis middling threes (Inman's classification); said cotton to be delivered in Chipley, Ga., by Nov. 1st, 1900. Witness my hand and seal, this　　　1900. Signed, T. M. Hogan." Defendant further offered to testify that this instrument was part of the contract entered into by Sivell and Hogan, and delivered to Sivell by Hogan at the time the instrument sued on was given Hogan by Sivell. This testimony was rejected. The court also refused to allow the defendant to testify to the conversation which took place between him and T. M. Hogan, referred to in Cleaveland's testimony; ruling that, Hogan being dead, the defendant was an incompetent witness as to these matters.

4. J. H. Sivell testified that the signature to the instrument set out in the last paragraph was that of T. M. Hogan; and the de-

fendant testified that this instrument and the one sued on were written by Mr. Key at the same time for him and Hogan. Defendant then offered to introduce this instrument in evidence. It was objected to because (as stated in the fifth ground of the motion for a new trial) it was irrelevant, and was excluded.

5. There was no evidence as to tender and refusal, other than that of Cleaveland, quoted in paragraph 2 supra.

*Harwell & Lovejoy*, for plaintiff in error.
*Terrell & Terrell* and *Henry Reeves*, contra.