17331. BENNETT, superintendent, *v.* DANFORTH.

STEPHENS, J. 1. Where a married woman signs a note ostensibly as a maker jointly with her husband, when in fact she is a surety only, before she can establish the fact of her suretyship as against the payee of the note it must be made to appear, despite her apparent relationship as principal, that the payee, with knowledge of the facts which would constitute her a surety, contracted with her as a surety. Civil Code (1910), § 3556. *Hall* v. *Rogers*, 114 *Ga.* 357 (40 S. E. 250).

2. Since a wife may borrow money upon her own account and give it to her husband, and since she may constitute him her agent to exchange her note for money borrowed by her and to receive the money, and may constitute him a trustee of the funds thus received, it can not be said as a matter of law that a wife who signed a note jointly with her husband did so as a surety, where the note was payable to a bank and the husband took it to the payee bank and represented to the bank that the wife was the principal on the note, and that he was signing it as surety for her, and obtained from the bank money thereon which he placed to his credit in the bank, where the bank had no further knowledge of the facts of the transaction and where the bank did not know what the husband intended to do with the money and did not know that the

Evidence, 22 C. J. p. 984, n. 97; p. 990, n. 50.
Husband and Wife, 30 C. J. p. 887, n. 17; p. 892, n. 96; p. 1019, n. 44; p. 1020, n. 46, 48; p. 1028, n. 28.

money would afterwards be used by the husband in payment of his own debts. These facts authorized the inference that the husband, when taking the note to the bank and getting money thereon, acted as agent for the wife. It follows, therefore, in a suit by the payee bank to recover against the wife on the note, where she filed a plea of suretyship, and where the evidence authorized a finding that the facts were as above indicated, it was error to direct a verdict for the defendant.

3. The testimony of a person that he placed money in a bank to his own account and checked on it, and testimony of an officer of the bank that when a loan was made the money was placed to a certain person's checking account, were substantive facts not dependent for their existence upon the records of the bank, and such testimony therefore was not inadmissible upon the ground that the books of the bank were the best evidence of the facts testified to.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 24, 1927.

Complaint; from Gwinnett superior court—Judge Stark.    March 3, 1926.

*Davie & Reid, Kelley & Kelley,* for plaintiff.

*W. L. Nix, I. L. Oakes,* for defendant.