## 21296. RALEY *v.* THE STATE.

BLOODWORTH, J. 1. "It is not a good assignment of error, on a portion of the judge's charge which states a correct principle of law applicable to the case, that some other correct and appropriate instruction was not given." *Grant* v. *State,* 152 *Ga.* 252 (109 S. E. 502), and cases cited. This ruling disposes of the first ground of the amendment to the motion for a new trial.

2. The judge having properly instructed the jury as to their duty in considering all the evidence in the case, including the statement of the accused, it was not incumbent upon him, in the absence of an appropriate written request, to go further and charge them the "rule for reconciling testimony of the witnesses," and give the jury a specific rule "by which they might go in determining the credibility of the witnesses." Moreover, the evidence demanded the verdict, and it was therefore immaterial what the judge charged or failed to charge the jury. *Cason* v. *State,* 16 *Ga. App.* 820 (4) (86 S. E. 644). See *Hagar* v. *State,* 71 *Ga.* 164 (3 *a*), and cases cited on page 167 (3); *Hall* v. *Rogers,* 114 *Ga.* 357 (2) (40 S. E. 250).

3. The evidence demanded the verdict.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED APRIL 14, 1931.

*Hugh E. Combs,* for plaintiff in error.
*M. L. Felts, solicitor-general,* contra.