24000. VEAL, administrator, *v.* VEAL.

DECIDED JANUARY 29, 1935.

*Blackshear & Blackshear,* for plaintiff.

*Lester F. Watson,* for defendant.

MACINTYRE, J. This was a suit by an administrator, on a promissory note. The defendant filed a plea setting up that she signed the note in assumption of a pre-existing debt of her husband, which was known to the payee, and that she received no benefit therefrom. She was the sole maker of the note. The jury returned

a verdict in favor of the defendant's plea. The plaintiff moved for a new trial, and the motion was overruled. He obtained the writ of certiorari, which was overruled, and to this judgment he excepted.

1. Every restriction upon the power of a married woman to contract with reference to her separate property must be complied with. While she may contract, she can not bind her separate estate by any contract of suretyship, or by any assumption of the debts of her husband, and any contract by which she assumes a pre-existing debt of her husband shall be absolutely void. Civil Code (1910), § 3007. In the Code of 1910, § 2993, it is provided that the wife shall not be liable for the payment of any debt, default, or contract of her husband. See *Gross* v. *Whitely,* 128 *Ga.* 79 (57 S. E. 94); *Farmers &c. Bank* v. *Eubanks,* 2 *Ga. App.* 839 (59 S. E. 193). This defense is personal to the wife (*Hawes* v. *Glover,* 126 *Ga.* 305, 55 S. E. 62), and a promissory note executed by a wife for the purpose of paying her husband's debt is not illegal, but merely void or voidable at her election, provided, of course, it is not in the hands of a holder without notice. *Jones* v. *Harrell,* 110 *Ga.* 373 (35 S. E. 690).

2. A note executed by a wife for the purpose of assuming a pre-existing debt of her husband, where the *payee* knows this fact at the time of its execution, can not be collected from her by the payee, if she seeks to avoid it. *Knox* v. *Harrell,* 26 *Ga. App.* 772 (107 S. E. 594, 108 S. E. 117). Such a defense can only be made enforceable against her where the payee has knowledge at the time of the execution of the note that the maker is a married woman and is executing the note in assumption of a debt of her husband. This is one of the essential elements of this defense. *Tuck* v. *Kellum,* 36 *Ga. App.* 465 (137 S. E. 102); *Bennett* v. *Danforth,* 36 *Ga. App.* 466 (137 S. E. 285); *Howard* v. *Simpkins,* 70 *Ga.* 322; *Farmers Bank* v. *Eubanks,* supra; *Knox* v. *Harrell,* supra; *Gross* v. *Smith,* 31 *Ga. App.* 95 (119 S. E. 541). This being so in a case where the defense of the defendant maker to a suit on a note by the payee is that she is a married woman and executed the note in assumption of a pre-existing debt of her husband, and the jury find in favor of the defendant on her plea, it is error for the trial judge to fail to charge the jury, in substance, even in the absence of a request, that before the jury would be authorized to render a verdict in favor of the defendant wife on such a plea, the evidence

must show that the payee of the note (in this case the wife of the plaintiff and his intestate) had notice at the time the note ·was executed that it was given by the defendant wife in assumption of a pre-existing debt of her husband. See *Kenimer* v. *Henderson,* 32 *Ga. App.* 203 (3), 204 (122 S. E. 820). Of course, if the transaction is handled by the husband of the payee, as her agent, any knowledge acquired by him in the premises would be imputable to the payee. See Code of 1910, § 3599. Actual notice to the agent is actual notice to the principal. *Prater* v. *Cox,* 64 *Ga.* 706; *Hillyer* v. *Brogden,* 67 *Ga.* 24; *Deveney* v. *Burton,* 110 *Ga.* 56 (35 S. E. 268); *Union Savings Bank &c. Co.* v. *Ellis,* 110 *Ga.* 494 (35 S. E. 780); *Wiley* v. *Rome Insurance Co.,* 12 *Ga. App.* 186, 189 (76 S. E. 1067).

3. The court did not err in failing to charge the jury, in the absence of a timely written request, that if the consideration of the note sued on was partly that of the defendant and partly that of her husband, the plaintiff administrator would be entitled to recover of the defendant for that portion of the debt which was proven to be the debt of the defendant. *Jones* v. *Harrell,* 110 *Ga.* 373 (2) (35 S. E. 690). This was not one of the issues made by the pleadings. The plaintiff administrator contended that the defendant received the benefit of the money represented by the note sued on, and the defendant contended that she received no benefit therefrom but signed the note to secure her husband's pre-existing debt. This made the issue to be tried, and the jury were so instructed. The plaintiff administrator testified that he let the defendant have the money through her husband, who was acting as her agent, to run her farm, and that the money was used for running the farm of the defendant and for guano, and the evidence for the defendant was that the plaintiff administrator knew, at the time he let the defendant's husband have the money and at the time the note was signed by the defendant, that the money was loaned to the defendant's husband, and that the note was signed by her as security for this debt.

4. The court erred in charging the jury, "If you believe from the evidence in this case that W. T. Veal, the husband of the defendant, was the agent of his wife, the defendant, in the operation of her business—farming business—and that he acted within the scope of his authority as such, and made this debt, represented by this note for his wife, and his wife received the benefit of it, it be-

ing made by her agent, then she would be bound for the debt. On the other hand, if you find that he was the agent of his wife and that the debt represented by this note was not made by him in the scope of his authority, as her agent, in the operation of her business, and she did not receive the benefit of it, then she would not be bound." Of course, if the debt represented by the note sued on was rather the debt of the wife than that of her husband, then it would not be executed by the wife for the purpose of assuming a pre-existing debt of her husband. However, if the debt was not that of the wife, not being contracted in a manner that would bind her, but was rather the debt of the husband, then the note was executed by the wife for the purpose of assuming the debt, which was the debt of her husband. However, the suit is not on the debt referred to by the judge in this portion of his charge, but on the note executed by the wife, which was made payable to the creditor; and before the jury would be authorized to find in favor of the wife's plea that the note was executed by her for the purpose of assuming a pre-existing debt of her husband, it would be necessary for the evidence to authorize a finding that the payee had knowledge of this fact at the time the note was executed. In the manner in which it was given, this charge was incomplete, misleading to the jury, and injurious to the plaintiff, in that it tended to authorize a finding in the defendant's favor whether the payee of the note had such knowledge or not; and it was therefore erroneous.

As we grant a new trial, no ruling is made upon the evidence, save that a verdict for the defendant was not demanded thereby. The trial court therefore erred in overruling the plaintiff's motion for a new trial, and the judge of the superior court erred in overruling the certiorai by which it was sought to review that judgment.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*