## MOSS *v*. MOSS.

No. -11622.   March 10, 1937.

*David F. Pope* and *Dixon & Dixon,* for plaintiff in error.
*F. M. Gleason,* contra.

ATKINSON, Justice. 1. Idell Moss, widow of J. F. Moss, instituted an action against her son, John Moss, seeking to declare a trust in her favor in described realty. The defendant interposed a demurrer on general and special grounds. The demurrer was overruled, and no exception was taken to that ruling. At the trial, after both sides had introduced evidence, the judge directed a verdict for the plaintiff. The defendant did not make a motion for a new trial, but came by direct bill of exceptions, which did not contain a brief of the evidence. It is stated in the bill of exceptions: "The plaintiff proceeded to make out her case by parol testimony, she taking the stand to answer orally questions propounded to her by her attorney; whereupon the attorneys for the defendant, John Moss, then and there made and urged the following objections to any and all oral testimony as follows: 'We object, your honor please, to the introduction of any and all oral testimony seeking to engraft an implied resulting trust upon an absolute, unconditional deed of conveyance to lands, carrying

full warranty of title in fee simple, on the ground that there is no allegation in the bill and petition alleging fraud or in anywise setting up fraud in the making of the instrument.' The court overruled the said objection as stated, and permitted the complainant and other witnesses to testify orally; and while she introduced a certain security deed made to her by Will Turner, she made out her case, setting up a resulting trust entirely by parol evidence. To this ruling and decision of the court in permitting the introduction of said oral testimony, the plaintiff in error excepted, now excepts, and assigns the same as error upon the ground that it was contrary to law, in violation of law, and without law to support it." This assignment of error states a conclusion as to the effect of the testimony, but fails to state literally or in substance the testimony that was admitted. This should be shown in order that the court may determine its character and effect. Being deficient in this respect, the assignment of error is too indefinite to present any question for decision. See *Lester* v. *State*, 155 *Ga.* 882 (3) (118 S. E. 674); *Shaw* v. *Jones*, 133 *Ga.* 446 (9) (66 S. E. 240), in which the principle was applied in dealing with grounds of motions for a new trial.

2. The bill of exceptions further stated: "The court having overruled said objection to oral testimony, . . and such ruling . . being vital and controlling, . . which entered into and affected the further progress and final result of the case, the court erred . . in overruling said objection and in permitting said verdict to be rendered, in directing same and said judgment to be entered, because same was contrary to law, in violation of law, and without law to support it. To this action of the court . . the plaintiff in error excepted, and now excepts and assigns the same as error upon the ground that same was contrary to law, in violation of law, and without law to support it. Plaintiff in error contends that said ruling as to the introduction of parol evidence was controlling in effect, for that the plaintiff did not tender in evidence any documentary evidence which in anywise set up a resulting trust or in anywise made proof of the allegation that the plaintiff's 'separate estate furnished the money with which to purchase said property,' and the said verdict and judgment could not be and are not a legal termination of the case." It is contended that this general assignment of error upon the final judg-

ment was made to authorize the plaintiff in error to bring the case to the Supreme Court upon the exception to the antecedent ruling on the admissibility of evidence as dealt with in the preceding note. *Lyndon* v. *Georgia Railway & Electric Co.*, 129 *Ga.* 353 (58 S. E. 1047). Viewing this assignment of error as having the effect contended for, it is not sufficient to cause a reversal, because, as indicated in the preceding paragraph, the exception to the admissibility of evidence was itself insufficient to raise a question for decision. The assignment of error is insufficient to bring in question sufficiency of the evidence to authorize direction of the verdict. This could not be determined without resort to the evidence, which, as already stated, was not set forth.

3. As the judgment is affirmed, no ruling will be made on the motion to dismiss the writ of error.

*Judgment affirmed. All the Justices concur.*