## BLOODWORTH v. TAYLOR.

No. 17750. SUBMITTED FEBRUARY 11, 1952—DECIDED MARCH 10, 1952.

Bobby Lee Cook, for plaintiff in error.
Shaw & Shaw, contra.

ALMAND, Justice. Mrs. Adeline W. Taylor, as executrix of the estate of E. S. Taylor, filed her petition against Mrs. Maude A. Bloodworth, seeking to have her adjudged in contempt of court, on the ground that she had violated the terms of a permanent injunction of September 13, 1943, in a suit of E. S. Taylor against the defendant. The case is here on a bill of exceptions sued out by the defendant, assigning error on the order adjudging her in contempt.

The evidence upon which the judgment is based is as follows: In 1940, E. S. Taylor filed an equitable petition against the defendant, praying that she be temporarily and permanently enjoined from maintaining stakes, wires, stobs, or other obstructions upon a 30-inch strip of land that separated the property of the defendant and a building of Taylor, it being alleged that the strip of land was the property of Taylor. A temporary restraining order was granted, and the record shows that personal service

was made upon Mrs. Bloodworth. On September 13, 1943, the court, on the verdict of a jury, entered a final decree, enjoining the defendant as prayed in the amended petition. In September, 1951, Mrs. Taylor, as executrix of the estate of E. S. Taylor, filed a petition seeking to have the defendant adjudged in contempt for failure to obey the permanent injunctive decree of September, 1943. In her response, the defendant alleged that she was never personally served with the petition and process in the injunction proceeding, and that she had no knowledge of said proceeding; and she denied all the allegations of the petition charging her with violating the decree. On the hearing, the record in the injunction proceeding, consisting of the petition, process, return of service, verdict, and final decree, was introduced in evidence. The return of service shows that the defendant was served by a deputy sheriff on September 9, 1940. The record does not show that any traverse or plea in abatement was ever filed to the officer's return of service. The defendant testified that she had never heard about the injunction suit until the present contempt proceeding was instituted, and denied that she had ever been personally served with the suit. However, she produced in court a copy of the original petition in the injunction suit, which was introduced in evidence. As to this, the defendant testified: "I suppose somebody brought the paper to me and I believe Mr. Fisher, the deputy sheriff, did this, and it was just laid up . . the paper which I gave my attorney, Mr. Cook, was gotten out of my dresser drawer. It had been there for years. I guess I put it there." F. M. Fisher testified that he was a deputy sheriff in 1940, and identified his signature on the return of service, and, though he stated he had no independent recollection of the service, he would not have signed the entry of service unless it had been made by him.

■ Error is assigned on the refusal of the court to permit the defendant to testify as to a conversation she had with the deceased Taylor before the suit was filed in regard to the dispute between her and Taylor about the dividing line of their respective properties. The court sustained the objection of counsel for the executrix, on the ground that the defendant was incompetent to testify to any conversation she had with Taylor, his personal representative being a party to the present proceeding. It is

insisted that this evidence was admissible under Code § 38-309, which provides that declarations of a person since deceased against his interest, not made with a view to pending litigation, are admissible. That Code section deals with exceptions to the rule against the admission of hearsay evidence, and has no application where the party seeking to give hearsay evidence is not a competent witness under Code § 38-1603 (1). Mrs. Bloodworth, being the defendant in the suit in which the executrix of E. S. Taylor was the plaintiff, was incompetent to testify in her own favor as to a conversation she had with the deceased. The mere fact that in the purported conversation the deceased might have made an admission against his interest, would not make the defendant a competent witness as to this conversation, where the plaintiff here is the personal representative of the deceased. It was not error to reject this testimony.

■ The entry by a sheriff or his deputy, reciting that personal service has been made upon the defendant in a suit filed in court and process duly issued thereon, is presumptively correct so long as the entry stands unchallenged upon the record. *Jinks* v. *American Mortgage Co.*, 102 *Ga.* 694 (2) (28 S. E. 609). Where the record shows a valid return of service, before extraneous testimony might be resorted to, to show that no service has been made, such objection can be made only by a plea in abatement, and in connection therewith the return must be traversed. In the absence of a traverse of the service, an attack upon the legality of the service is unavailing. *Evans* v. *Smith*, 101 *Ga.* 86 (28 S. E. 617); *Williams* v. *Atlanta National Bank*, 31 *Ga. App.* 212 (4a) (120 S. E. 658). The record in the instant case does not show that the defendant has ever traversed the return of service in the injunction suit, and the record presumptively shows service upon her. Her own testimony shows that a copy of the original suit and order was left with her. The fact that she did not read it but put it away in a drawer, and did not ascertain the contents of the papers until the rule for contempt was filed, would not excuse her from being bound by the orders of the court contained in such papers and the results of any subsequent judgment in the case. "Where a deputy sheriff, in undertaking to serve a petition, process, and restraining order upon a defendant named therein, went to the defendant, and while about three feet

from him told the defendant that he had a paper for him, and the defendant said, 'You ain't got no paper for me, I haven't done anything,' and the officer then handed him the paper and told him, 'Well, here it is anyhow,' and the defendant refused to take it, whereupon the officer stuck it at him, and the defendant still refusing it, the officer 'dropped it at his feet'—*held*, that such facts, if duly proved, would show valid personal service upon such defendant. In re Ball, 2 Cal. App. 2d, 578 (38 Pac. 2d, 411); 50 C. J. 485, § 84; 16 L. R. A. 200, 201." *Carroll* v. *Celanese Corp. of America*, 205 *Ga.* 493 (2) (54 S. E. 2d, 221). A defendant in an action praying for a temporary and permanent injunction, who is personally served with the petition, order and process, and who stands by and permits a permanent injunction to be issued against her, in the absence of a traverse of the entry and return of service, cannot, in a contempt proceeding charging her with disobeying the injunctive decree, plead innocence on the ground that she never had any actual knowledge of the injunction proceeding.

■ Under the evidence before him, the trial judge did not commit any error in adjudging the defendant to be in contempt of court, assessing a fine, and providing that she should be purged and relieved of the contempt by complying with the order on or before a specified date.

*Judgment affirmed. All the Justices concur.*