### 18504. DYE *v.* RICHARDS.

SUBMITTED APRIL 12, 1954—DECIDED MAY 11, 1954.

*Shirley C. Boykin, Boykin & Boykin,* for plaintiff in error.

*O. W. Roberts, Jr.,* contra.

HEAD, Justice. 1. When the defendant by her answer admitted the execution of the note in the manner alleged, at a place where a principal would ordinarily sign, the law placed upon her the burden of establishing her plea of suretyship. This rule was succinctly stated by Judge MacIntyre for the Court of Appeals in *Lovelady* v. *Moss,* 50 *Ga. App.* 652, 653 (179 S. E. 168), where it was said: "Where the wife signs the note as an apparent principal, the burden is on her to prove that she signed as surety only, and that the payee of the note, with knowledge of the facts which would constitute her a surety, contracted with her as a surety." See also *Sutton* v. *Aiken,* 62 *Ga.* 733, 742; *Perkins* v. *Rowland,* 69 *Ga.* 661, 664; *Howard* v. *Simpkins,* 70 *Ga.* 322 (4b); *Temples* v. *Equitable Mortgage Co.,* 100 *Ga.* 503, 507 (28 S. E. 232, 62 Am. St. R. 326); *Hall* v. *Rogers,* 114 *Ga.* 357 (40 S. E. 250); *Bank of Lumpkin County* v. *Justus,* 150 *Ga.* 286, 287 (2) (103 S. E. 794); *Bennett* v. *Danforth,* 36 *Ga. App.* 466 (137 S. E. 285); *Boles* v. *Hartsfield Co.,* 50 *Ga. App.* 442, 443 (178 S. E. 416); *Veal* v. *Veal,* 50 *Ga. App.* 445, 446 (178 S. E. 456); *Allmond* v. *Mount Vernon Bank,* 53 *Ga. App.* 565, 567 (3) (186 S. E. 581); *Herron* v. *Interstate Life &c. Co.,* 55 *Ga. App.* 534, 538 (190 S. E. 631).

In the present case, as set forth in both the majority and minority opinions by the Court of Appeals, the only evidence offered by the defendant tending to show that West Georgia National Bank had any knowledge that the defendant had signed the note only as a surety was her own testimony concerning an alleged conversation had by her with Mr. Cobb, cashier of the bank, who had since died. According to this testimony by the defendant, after her husband had left town and the note was past due, she went to the bank for the first time and talked with

Mr. Cobb about the note, and Mr. Cobb told her that he had let her husband borrow the money, that the note was due, that her husband had borrowed the money from the bank to pay for a filling station he was running, and that he had let her husband have the money because Roy Richards' name was on the note. This evidence was objected to by counsel for the plaintiff, at the time it was offered, on a number of grounds, including the ground that it was a conversation with a person since deceased and out of the hearing of the plaintiff.

On cross-examination the defendant was asked the following question: "Did you ever call Mr. Cobb or anyone at the West Georgia National Bank and tell them that you objected to being on a note with your husband?" to which she replied: "No, sir, I never did discuss anything with them." It appears from her testimony, without dispute, that the bank issued a cashier's check for the note, payable to the three persons whose names appeared thereon as principals, and that she endorsed the check and gave it to her husband.

If the alleged conversation of the defendant with the deceased cashier of the bank could properly be held sufficient to make an issue as to whether or not the cashier of the bank had knowledge of the facts that would constitute her a surety, and that he dealt with her as such, the conversation was not admissible under any applicable rule of evidence in this State.

Code § 38-1603 (1) provides in part that, where any suit shall be instituted or defended by an endorsee, assignee, or transferee, or the personal representative of a deceased person, the opposite party shall not be permitted to testify in his own favor against the deceased person as to transactions or communications with such deceased person. See *Jones* v. *Hough*, 98 *Ga.* 492 (25 S. E. 566) ; *Chamblee* v. *Pirkle*, 101 *Ga.* 790, 792 (29 S. E. 20) ; *White & Co.* v. *Jones*, 105 *Ga.* 26, 28 (31 S. E. 119) ; *Sivell* v. *Hogan*, 115 *Ga.* 667, 668 (42 S. E. 151) ; *Castleberry* v. *Parrish*, 135 *Ga.* 527, 528 (5) (69 S. E. 817) ; *Purvis* v. *Raste*, 144 *Ga.* 16 (3) (85 S. E. 1012) ; *Hill* v. *Pritchett*, 182 *Ga.* 499 (185 S. E. 832) ; *Lankford* v. *Holton*, 187 *Ga.* 94, 95 (8a) (200 S. E. 243) ; *Williamson* v. *Walker*, 187 *Ga.* 603 (1 S. E. 2d 718) ; *Rainey* v. *Moon*, 187 *Ga.* 718 (11) (2 S. E. 2d 405).

The purported conversation of the defendant would not be ad-

missible because only the cashier of the bank, acting as agent of the bank, was deceased, and "the bank is not deceased" (as contended by the defendant). Code § 38-1603 (5) provides in part that a surviving party shall not testify in his own favor as to transactions or communications with a deceased agent under circumstances where the witness would be incompetent if the deceased agent had been the principal.

As stated by this court in *Bloodworth* v. *Taylor*, 208 *Ga.* 770, 772 (69 S. E. 2d 747), the defendant's testimony as to a conversation with the deceased cashier of the bank was not admissible under Code § 38-309, "which provides that declarations of a person since deceased against his interest, not made with a view to pending litigation, are admissible. That Code section deals with exceptions to the rule against the admission of hearsay evidence, and has no application where the party seeking to give hearsay evidence is not a competent witness under Code § 38-1603 (1)." See also Code § 38-1603 (5).

The Code sections cited specifically prohibit the opposite party from testifying in his own favor as to transactions or communications with a deceased party, or the deceased agent of a party. The defendant's conversation with the deceased agent of the bank—being incompetent and inadmissible—would have no more probative value than hearsay evidence. Hearsay evidence, although admitted without objection, is "without probative value and insufficient to prove anything." *Poole* v. *Duncan*, 202 *Ga.* 255, 258 (42 S. E. 2d 731). See also *Minor* v. *Fincher*, 206 *Ga.* 721, 729 (58 S. E. 2d 389). The alleged conversation of the defendant with the deceased agent of the bank, being inadmissible and incompetent, had no probative value, and the wife's plea of suretyship was wholly without any competent evidence to support it. The Judge of the City Court of Carrollton properly directed a verdict for the plaintiff, as transferee of the bank.

2. Whether or not the amendment offered by the plaintiff and allowed by the judge of the city court should have been rejected, based on a prior ruling, unexcepted to, by the judge of the superior court, as the law of the case—its allowance does not require a reversal of the judgment. The burden was on the defendant to establish her plea of suretyship by competent evidence. As stated in the brief of counsel for the defendant,

the "plea of suretyship was the only issue in the case." The judgment of the court, being correct on this issue, will not be reversed on a pendente lite ruling which in no wise affected the merits of the cause.

Whether or not the opinion of the Court of Appeals is in harmony with all that is said here, the judgment reached by that court is correct in result, and is therefore

*Affirmed. All the Justices concur, except Sutton, J., who is disqualified.*