## 19268. NAIL *v.* NAIL, Executor, *et al.*

HAWKINS, Justice. 1. The final judgment of a court of competent jurisdiction enures to the benefit of and is binding upon the parties to it and their privies. *Brock* v. *Garrett,* 16 *Ga.* 487; *Russell* v. *Slaton,* 25 *Ga.* 193; *Robinson* v. *Wilkins,* 74 *Ga.* 47; *Clark* v. *Tennessee Chemical Co.,* 167 *Ga.* 248 (145 S. E. 73).

2. The application in this case to attach the defendant for contempt—having alleged that the applicant, together with other named persons as executors of the estate of a named testatrix, had obtained a permanent injunction against the defendant restraining and enjoining her from going in, upon, or about the property belonging to the estate, and from abusing or in any manner interfering with the petitioners, their agents, servants, and employees in connection with their operation and use of the property comprising the estate, and that the applicant had since acquired title to a portion of the property formerly belonging to the estate, upon which the defendant had committed a trespass in violation of the injunction previously granted—stated a cause of action, and was not subject to the general demurrer of the respondent. The special demurrer to paragraph four calling for a more definite description of the lands claimed by the applicant and those owned by the defendant was met by appropriate amendment, and the special demurrer to paragraph five of the petition is without merit. The trial judge properly overruled the defendant's demurrers. See *Poss* v. *Norris,* 197 *Ga.* 513 (29 S. E. 2d 705); *Strickland* v. *Padgett,* 197 *Ga.* 589, 590 (12) (30 S. E. 2d 167); *Bloodworth* v. *Taylor,* 208 *Ga.* 770 (69 S. E. 2d 747).

3. Other attempted assignments of error contained in the bill of exceptions— (a) that the trial court erred in admitting in evidence over objection a paper tendered as a decree of the court rendered on a given date in a stated case, without setting out the provisions of the decree either literally or in substance in the exception, and the objection offered thereto; (b) that the trial court erred in admitting in evidence over objection a plat purporting to show the lands of the applicant, but failing to set the plat out in the objection or as an exhibit thereto; (c) that the trial

court erred in admitting the testimony of a witness as to his knowledge of the boundary lines and ownership of the lands involved over the objection that it was hearsay, but failing to disclose the name of the witness or the substance of his testimony; (d) that the court erred in admitting two affidavits of witnesses upon the ground that the order nisi setting the hearing did not provide for the use of affidavits, and that the defendant had no opportunity to cross-examine the witnesses testifying by affidavits, but which exception fails to give the names of the witnesses so testifying or to set out the contents of the affidavits or the substance thereof—are not in proper form, are incomplete, and insufficient to raise any question for decision by this court. *Stubbs* v. *Central Bank of Georgia,* 7 *Ga.* 258 (3); *Lewis, Robinson & Co.* v. *Hutchinson,* 127 *Ga.* 789 (3) (56 S. E. 998); *Georgia & Florida Ry.* v. *Newton,* 140 *Ga.* 463 (4) (79 S. E. 142); *Moss* v. *Moss,* 184 *Ga.* 47 (190 S. E. 574); *Clifton* v. *State,* 187 *Ga.* 502 (2 S. E. 2d 102); *McCrary* v. *Salmon,* 192 *Ga.* 313 (2) (15 S. E. 2d 442); *Hood* v. *Connell,* 204 *Ga.* 782 (2) (51 S. E. 2d 853).

4. "This court can not consider as a brief of evidence a document appearing as such in a record, unless the record or bill of exceptions affirmatively shows that the document has been approved as correct by the trial judge." *Perry* v. *Perry,* 188 *Ga.* 477 (4 S. E. 2d 184). While what purports to be a brief of the evidence appearing in the record in this case shows a notice, signed by counsel for the plaintiff in error and directed to counsel for defendants in error, that a brief of evidence would be presented to the trial judge for approval at a designated time and place, an acknowledgment of service of this notice by counsel for the defendants in error, and a certificate by counsel for the plaintiff in error that this notice had been served upon counsel for the defendants in error— neither the bill of exceptions nor the purported brief of evidence shows any approval thereof by the trial judge, and it cannot be considered by this court. The judgment of the trial court is therefore affirmed. *Attaway* v. *Duncan,* 206 *Ga.* 230 (56 S. E. 2d 269).

*Judgment affirmed. All the Justices concur, except Wyatt, P. J., not participating.*

ARGUED FEBRUARY 14, 1956—DECIDED MARCH 12, 1956.

*Nathan & Browne, A. A. Nathan, Leo A. Browne, Jr.,* for plaintiff in error.

*Joe Thomas,* contra.