36152.  LINGO *v.* BLAND.

DECIDED APRIL 24, 1956.

W. G. Neville, Wm. J. Neville, for plaintiff in error.

I. Seaman Williams, contra.

TOWNSEND, J. Code § 53-503 provides as follows: "The wife is a feme sole as to her separate estate, unless controlled by the settlement. Every restriction upon her power in it must be complied with; but while the wife may contract, she may not bind her separate estate by any contract of suretyship nor by any assumption of the debts of her husband, and any sale of her separate estate, made to a creditor of her husband in extinguishment of his debts, shall be absolutely void."

The note sued on was signed by the defendant as principal. In Gunn v. Wilson Co., 20 Ga. App. 14 (1) (92 S. E. 721), it is held that, "Where a married woman signs a promissory note as principal, there is a presumption of law that the instrument expresses the true intent of the contract." Dye v. Richards, 210 Ga. 601 (1) (81 S. E. 2d 820) holds as follows: "Where a wife signs a note as an apparent principal, the burden is on her to prove her plea that she signed as a surety only." The burden of proof is on the defendant here to prove the defense which she set up in her answer. Accordingly, the sole question for determination is whether the evidence supports the finding of the jury that the debt for which the note was executed was not that of the husband of the defendant. Although the evidence is in sharp conflict on the material issue, it is sufficient to support the following findings of fact: that the defendant and her husband had a minor son, Dan Lingo, Jr.; that they put him in the dairy business by giving him a number of cows, the defendant giving

him more cows than her husband; that the property incident to the operation of the dairy business was in the name of defendant; that the plaintiff, pursuant to an arrangement with Dan Lingo, Jr., furnished feed for the dairy cattle over a considerable period of time; that Dan Lingo, Jr., always came for the feed at the place of business of the plaintiff, where it was delivered to him; that the defendant sometimes made payments on this feed, although it was charged to "Dan Lingo"; that the "Dan Lingo" to whom this charge was made was Dan Lingo, Jr.; that, as the amount of the bill increased to a point where plaintiff considered that it required better attention, he communicated with the defendant about it; that he wrote letters addressed to Mrs. Lingo and received a reply from her as follows: "Dear Percy: We are not milking any cows now—therefore, not getting a milk check, but the cows are due to freshen this week and next, as soon as they start coming in and we get a milk check I promise that you will get a good payment for being as patient as you have and I do appreciate it. Sincerely, Grace Lingo"; that she also told him personally, "she had everything in her name because Danny (Dan Lingo, Jr.) wasn't of age and couldn't get nothing in his name"; that thereafter he changed some of the charge slips from Dan Lingo by adding "Grace &" thereto.

It appears without dispute that, when the plaintiff sent the defendant a statement of the account, her husband came to the plaintiff's place of business and discussed the account with him. The plaintiff testified this was the first time he ever discussed the account with the defendant's husband, and that nothing was said about the debt being that of the husband. It is undisputed, however, that the plaintiff requested the husband to get his wife to sign the note for the account, and that this was done.

The defendant, her husband, and their son testified in support of the defendant's plea, but from the evidence as a whole the jury was authorized to find against her contentions that the note she executed was in extinguishment of her husband's debt.

Accordingly, the denial of the motion for a new trial is without error.

*Judgment affirmed. Quillian and Carlisle, JJ., concur.*