### 5217. ALLEN v. NATIONAL BANK OF TIFTON et al.

ROAN, J. 1. A married woman may lawfully borrow money and give it to her husband to apply in satisfaction of his debts, provided the lender receives no part of the money as a creditor of the husband.

2. This being an action of trover to recover possession of certain personal property which the defendants contended had been deposited with them as collateral security for a debt due by the plaintiff, the material questions to be decided are, whether the plaintiff was indebted to the defendants, and whether she pledged or authorized to be pledged as security the property sued for. The question of the validity of the note

evidencing the indebtedness and purporting to have been executed by one as agent of the plaintiff was not involved; because if the note was invalid and the plaintiff was indebted on open account, the defendants had the right to retain the property sued for, until the debt was paid.

3. The evidence as to whether the loan was made to the plaintiff and at her instance was directly conflicting, but authorized the finding in favor of the defendants on this issue.

4. Even if the court committed error in admitting testimony that a note was executed by one claiming to be the agent for the plaintiff in the absence of proof of written authority to execute the note, such an error was harmless, as the suit was in trover and the question of the validity of the note was immaterial.      *Judgment affirmed.*

DECIDED JANUARY 27, 1914.

Trover; from city court of Tifton—Judge R. Eve. September 3, 1913.

*R. D. Smith, Stewart Griggs,* for plaintiff in error.
*Fulwood & Skeen,* contra.