### 12153.  JORDAN *v.* DOUGLAS GROCERY COMPANY.

1. The court did not err in excluding the testimony of the defendant that the note sued on and the mortgage executed to secure it, which were signed by her alone, were signed by her as surety, and that she did not purchase the store and the goods for which the note was given.

2. "Though testimony be improperly admitted, yet if, in the opinion of the court, the other evidence is sufficient to authorize the verdict, which ought to have been as it was, independent of the testimony, a new trial should not be granted."

3. The court properly directed a verdict for the plaintiff.
Decided July 26, 1921.

Complaint; from city court of Hazlehurst — Judge Knox. December 11, 1920.

*S. D. Dell,* for plaintiff in error.

*McDonald & Willingham, Newton Gaskins,* contra.

BLOODWORTH, J. Mrs. D. T. Jordan gave the Douglas Grocery Company a promissory note, and at the same time executed a mortgage to secure the note. No other person signed either the note or the mortgage. When sued upon the note she filed a plea denying liability, and alleging, that while her name appears as a principal, "she was in reality security or surety for Joe McDaniel, and that said fact was fully known to Douglas Grocery Company; that at that time she was a married woman and could not become surety or security for any one, and that therefore she is not liable on said note." On the trial she sought to prove that she signed

the note and the mortgage as security, and that she did not purchase the store and goods for which the note was given. In her motion for a new trial she complains that the judge ruled out this evidence and directed a verdict against her.

1. For no reason assigned at the trial did the court err, under the pleadings in this case, either in rejecting the evidence that the defendant "signed said note as security and that she signed said mortgage as security," or in ruling out the evidence that "she did not purchase the store from plaintiff and never ordered any goods from them and did not owe them anything." The mortgage itself shows that the note was given for the purchase of a certain stock of goods. The only person who signed the note and the mortgage was the defendant. It is not claimed that any other person was to have signed these papers and by mistake or fraud was prevented from doing so, and the petition contained no allegation of mistake or fraud whatever. Section 3538 of the Civil Code of .1910 says: "The contract of suretyship is that whereby one obligates himself to pay the debt of another in consideration of credit or indulgence, or other benefit given to his principal, *the principal remaining bound therefor.*" (Italics ours.) The very essence of a contract of suretyship is that there should be some one liable as principal. This necessarily contemplates that where such a note is given there must be at least two parties who signed it and are liable for the payment thereof, the principal and the surety. As only one person signed the note sued on that person must necessarily be the principal, and the court properly ruled out all evidence offered to show that she was surety. Moreover, the approved brief of evidence shows that practically all the evidence complained of as having been excluded was before the jury, and that it came from the defendant.

2. The third ground of the amendment to the motion for new trial complains that the court erred in allowing a witness to testify: "They [Mr. Jordan, Mr. Anderson, and Joe McDaniel] told me Mrs. Jordan would purchase the store." As this ground of the motion is not complete and understandable within itself, we are not called upon to consider it. However, granting, but not conceding, that the admission of this evidence was error, it is not cause for new trial, because, independently of this testimony, the other evidence demanded the verdict directed by the court. *Jor-*

*dan* v. *Pollock,* 14 *Ga.* 145; *Daniel* v. *Frost,* 62 *Ga.* 697 (5).

3.  The court did not err in overruling the motion for a new trial. *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*