### 12404.   PLANTERS BANK v. WARE.

JENKINS, P. J.   A married woman borrowed from a bank $1,500, $1,000 of which, according to her own testimony, was procured for the purpose of enabling her husband to buy out his partner's interest in a partnership.   A check in the amount of the loan was turned over by the bank to the wife, who, after indorsing it, delivered it to her husband.   On the same day and in a contemporaneous transaction the husband disposed of this check and of certain other monies belonging to him, as follows:  $1,000 was paid to the partner in purchase of his partnership interest, and other and larger sums were paid by the husband to the bank on debts owing to the bank by the partnership.   *Held:*

1. A married woman may lawfully borrow money and give it to her husband to apply in satisfaction of his debts (*Allen* v. *National Bank of Tifton*, 14 *Ga. App.* 299, 80 S. E. 697); but if the lender is the husband's creditor and makes the loan to the wife for the purpose of collecting his own indebtedness, her obligation cannot be enforced.   *Ginsberg* v. *Peoples Bank*, 145 *Ga.* 815 (89 S. E. 1086).

2. That a part of an obligation contracted by a married woman represents a debt of the husband would not relieve her from liability for any portion for which she may have become legally bound, provided such respective portions may be definitely ascertained and separated.   *Johnston* v. *Gulledge*, 115 *Ga.* 981 (42 S. E. 354); *Jones* v. *Harrell*, 110 *Ga.* 373 (1, 2), 375 (35 S. E. 690); *Lanier* v. *Olliff*, 117 *Ga.* 397 (2) (43 S. E. 711).

3. In the instant suit by the bank on the note thus made by the married woman, it was incumbent upon her to show that her obligation represented the debt due the bank by her husband; and since, under the undisputed evidence of the bank's officials, $1,000 of the loan went to the partner of the husband in purchase of the partnership business, in accordance with what the wife herself testified was the agreement and understanding, and since the contemporaneous payments to the bank on the partnership debts are by undisputed evidence fully accounted for as having been made out of other funds held by and belonging to the husband, except as to $500, the defendant failed to carry the burden imposed by her plea in respect to the $1,000 portion of the loan.   The verdict for the defendant was therefore unauthorized, and the court erred in overruling the plaintiff's motion for a new trial.

> *Judgment reversed.   Stephens and Hill, JJ., concur.*
> DECIDED NOVEMBER 29, 1921.

Complaint; from city court of LaGrange — Judge Duke Davis. March 22, 1921.

*Hatton Lovejoy,* for plaintiff.

*M. U. Mooty; Hall & Jones,* for defendant.