*Isaac S. Peebles Jr.,* for plaintiff.
*C. H. & R. S. Cohen,* for defendant.

---

### 13280.   COLQUITT *v.* DYE.

JENKINS, P. J.   1. The verdict for the defendant was not contrary to law as being without evidence to support it.   Under the conflicting evidence, it was a question for the jury whether the note given by the plaintiff, a married woman, and paid by her to the transferee of the defendant, was executed in favor of the defendant as in payment of a bona fide purchase of his lien on her husband's stock of goods, or whether it merely represented a colorable scheme by which it was sought for her to assume the indebtedness due by her husband to the defendant.   *Schofield* v. *Jones,* 85 *Ga.* 816, 819, 820 (11 S. E. 1032) ; *Knox* v. *Harrell,* 26 *Ga. App.* 772 (107 S. E. 594, 108 S. E. 117) ; *Planters Bank* v. *Ware,* 27 *Ga. App.* 719 (109 S. E. 678) ; *Sims* v. *Scheussler,* 2 *Ga. App.* 466, 468 (58 S. E. 693).

2. Ground 4 of the motion for a new trial, which excepts to the alleged erroneous admission of documentary evidence, cannot, under the rulings of the Supreme Court and of this court, be considered, the evidence or its substance being neither set forth in the ground nor attached thereto as an exhibit.   *Hicks* v. *Webb,* 127 *Ga.* 170 (5) (56 S. E. 307) ; *Ga. Nor. R. Co.* v. *Hutchins,* 119 *Ga.* 504 (5) (46 S. E. 659) ; *Huggins* v. *State,* 25 *Ga. App.* 38 (4) (103 S. E. 32) ; *Delpheon Co.* v. *Crankshaw,* 25 *Ga. App.* 672 (5) (104 S. E. 455).

3. Contracts of suretyship and payments or transfers of property by a wife to a creditor as obligations or payments for the indebtedness of the husband, which are declared " absolutely void " by the Civil Code (1910), § 3007, are " not illegal, but merely void or voidable at her election as against the original payee," the legislative intent being " only that such contracts of the wife should be unenforcible." *Jones* v. *Harrell,* 110 *Ga.* 373 (1), 377 (35 S. E. 690, 691) ; *Scaife* v. *Scaife,* 134 *Ga.* 1, 4 (67 S. E. 408).   It follows that, where such an obligation of the wife has been transferred to a bona fide purchaser for value before maturity and without notice, not only is it valid and binding upon her, but, since " the holder of a note is presumed to be such bona fide, and for value " (Civil Code, § 4288), the presumption of law is that her individual negotiable note was given on her own contract and for value, and the burden is on her to show that the note falls within some of the restrictions upon her right to contract, and that the holder of the note had notice of its invalidity when he took it.   *Farmers & Traders Bank* v. *Eubanks,* 2 *Ga. App.* 839 (1, 5) (59 S. E. 193) ; *Longley* v. *Bank of Parrott,* 19 *Ga. App.* 701 (92 S. E. 232).   Thus, in the instant case, which was a suit by a married woman against the payee of a note made by her to recover the amount paid by her to the transferee thereof, for which the payee had received the credit and benefit, where the defendant

relied in part upon the doctrine of estoppel on account of the plaintiff's having failed to defend the former suit against her upon the note by the transferee, it was error for the court, where in his charge he had discussed the defense of estoppel, to fail to comply with the plaintiff's timely written request to charge as follows: " When a negotiable note is transferred before due, the law presumes that the same is taken without notice of any defense. If you believe from the evidence in this case that the note in question was transferred to Mrs. Hunnicutt before due, the law presumes that she took it without notice of any defense that could be made to it." While the court properly defined a bona fide holder and his rights, nowhere in the instructions was the presumption of law as to the validity of the transfer given in charge to the jury. The court having instructed that the burden of proof as to the issues in the case rested upon the plaintiff, and having charged the law as to the plaintiff's alleged estoppel on account of having failed to defend the former suit, the omission to give the requested charge in this connection amounted to prejudicial error.

4. The remaining grounds of the amended motion for new trial are without merit.          *Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED NOVEMBER 23, 1922.

Complaint; from city court of Lexington — Judge Joel Cloud. December 28, 1921.

*Paul Brown, B. T. Moseley, W. W. Armistead, Strickland & Arnold,* for plaintiff.

*John B. Gamble, Hamilton McWhorter Jr.,* contra.