### 17276. TUCK *v.* KELLUM.

STEPHENS, J. · 1. Where a married woman signs a note ostensibly as a maker jointly with her husband, when in fact she is a surety only, before she can establish the fact of her suretyship as against the payee

---

Husband and Wife, 30 C. J. p. 892, n. 96; p. 894, n. 14; p. 1019, n. 44; p. 1020, n. 46, 48; p. 1028, n. 28.

30

of the note it must be made to appear, despite her apparent relationship as principal, that the payee, with knowledge of the facts which would constitute her a surety, contracted with her as a surety. Civil Code (1910), § 3556. *Hall* v. *Rogers*, 114 *Ga.* 357 (40 S. E. 250).

2. In a suit against a married woman on a note which she signed ostensibly as a maker jointly with her husband, where she filed a plea of suretyship, and where the only evidence adduced in support of the plea was her own testimony that she received no money or other thing of value from the plaintiff at the time of the execution of the note, and had not since received any money or other thing of value from the plaintiff, such evidence, in the absence of any evidence tending to show that the payee of the note, at the time of its execution, knew that she received no money or other thing of value, and that therefore the payee contracted with her as a surety, was not sufficient to authorize a finding sustaining the plea, and the court did not err in directing a verdict for the plaintiff. *Trammell* v. *Swift Fertilizer Works*, 121 *Ga.* 778 (49 S. E. 739). *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 24, 1927.

Complaint; from city court of Athens—H. S. West, judge pro hac vice. March 9, 1926.

*Thomas & Thomas, O. J. Tolnas,* for plaintiff in error.
*Wolver M. Smith,* contra.