20722. VIRGINIA-CAROLINA CHEMICAL CORPORATION *v.* BURTON.

BELL, J. 1. This being a suit against a married woman upon promissory notes, to which she pleaded the defense, among others, that she had executed the notes solely for a debt of her husband, the following charge was error against the plaintiff: "If you find, from the evidence, that a note was given by defendant, Mrs. Ethel A. Burton, payable to plaintiff, Virginia-Carolina Chemical Corporation, to pay the debt of her husband, and the credit or other thing of value was given on the faith of the wife's promise to pay, and the plaintiff had no knowledge that the note was given to pay the husband's debt, she would be bound. Of course, if these were not the facts, she would not be bound." Although the other portions of this excerpt were favorable to the plaintiff, the last sentence improperly limited the plaintiff's right of recovery to the particular facts stated; whereas the evidence would have warranted a verdict in the plaintiff's favor upon the theory that the husband had assumed to exercise an agency for the wife in making certain purchases, and that his wife had subsequently ratified his act in doing so. *Gross* v. *Smith*, 31 *Ga. App.* 95 (119 S. E. 541); *Schofield* v. *Jones*, 85 *Ga.* 816 (11 S. E. 1032). The objectionable charge was not cured by other and correct instructions with which it was in conflict. *Savannah Electric Co.* v. *McClelland*, 128 *Ga.* 87 (2) (57 S. E. 91).

2. The court erred also in charging the jury that if the plaintiff corporation knew that it was the purpose of the defendant to let her husband have "the considerations or benefits from the note, . . for use in his business, still the contract would be binding and a valid obligation upon the wife, unless . . [the plaintiff] was a party to the agreement between the husband and wife, and that the husband and [the plaintiff] were both parties to the scheme, if any. such scheme existed between the husband and the defendant, in which latter case the wife would not be bound by such a contract." The plaintiff should not be denied a recovery merely because it participated in a transaction whereby the defendant executed a note for a consideration or benefit moving to her husband, such as the mere purchase of goods for his use, and where she

did not attempt to bind her separate estate, either by a contract of suretyship or by an assumption of the debts of her husband, or to sell her property in extinguishment of his indebtedness. *Saxon* v. *National City Bank*, 169 *Ga.* 784 (2) (151 S. E. 501).

(*a*) Moreover, under the evidence the notes were given for fertilizers previously bought and delivered, and the issue was whether in that past transaction the credit was extended to the wife or to the husband. There was no evidence that the notes were executed for a present consideration or benefit obtained by the wife for the husband. The charge was therefore unwarranted by the evidence and inapplicable, and, being calculated to mislead and confuse the jury, was error prejudicial to the plaintiff and required a new trial. *Central Georgia Power Co.* v. *Cornwell*, 139 *Ga.* 1 (2) (76 S. E. 387, Ann Cas. 1914A, 880); *Barrett* v. *Bryant*, 156 *Ga.* 614 (119 S. E. 599); *Kirkland* v. *Brewton*, 32 *Ga. App.* 128 (2) (122 S. E. 814).

3. Because of the errors pointed out the verdict for the defendant was not a legal termination of the case, and the court should have granted the plaintiff's motion for a new trial. No other error was shown.

*Judgment reversed.* *Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 17, 1931.

*Fulwood & Forrester,* for plaintiff.
*E. L. Forrester,* for defendant.