23994.  BOLES *v.* HARTSFIELD COMPANY.

DECIDED JANUARY 29, 1935.

*McElreath & Scott, J. Lon Duckworth,* for plaintiff in error.
*Robert T. Efurd, Mose S. Hayes,* contra.

MacIntyre, J. 1. While a married woman may contract, she can not bind her separate estate by any contract of suretyship. Civil Code (1910), § 3007. It may be safely asserted that there is no matter of public policy more firmly fixed in this State than that which outlaws a contract of suretyship on the part of a married woman, as was said by Russell, C. J., in *Ulman, Magill & Jordan Woolen Co.* v. *Magill,* 155 *Ga.* 555 (117 S. E. 657). The question whether there are any conceivable instances in which the laws of Georgia will aid in the .enforcement of a married woman's obligations of suretyship must be answered in the negative. See *Thompson* v. *Wilkinson,* 9 *Ga. App.* 367 (71 S. E. 678) ; *Hester* v. *Dreyer,* 19 *Ga. App.* 816 (92 S. E. 299). This restriction applies to all contracts, whether in behalf of the husband or another. *Saulsbury* v. *Weaver,* 59 *Ga.* 254. Where any scheme or arrangement makes a married woman ultimately liable to pay the debt of another, it is condemned by section 3007 of the Code. *National Bank of Tifton* v. *Smith,* 142 *Ga.* 663 (83 S. E. 526, L. R. A. 1915B, 1116), *Milton* v. *Setze,* 146 *Ga.* 26 (90 S. E. 469). Of course such contracts are "not illegal, but merely void or voidable at her election as against the original payee." *Colquitt* v. *Dye,* 29 *Ga. App.* 247 (114 S. E. 643). If a married woman signs a note apparently as principal while in fact she is in truth surety for another, which fact is known to the lender, the note is void at her election as against the lender, in so far as the married woman is concerned. *Norris* v. *Pollard,* 75 *Ga.* 358; *Duggan* v. *Monk,* 5 *Ga. App.* 206 (62 S. E. 1017) ; *Coll Co.* v. *Miller,* 30 *Ga. App.* 148 (117 S. E. 113) ; *Cheshire* v. *Hightower,* 33 *Ga. App.* 793 (127 S. E. 891).

2. As between the plaintiff and the defendant married woman, who signed the note in question ostensibly as the sole principal, to secure the debt of another, she was under the burden of showing, not only that she intended to sign the note as surety, but also that the plaintiff, who was the lender, accepted it with knowledge of that fact. *Hall* v. *Rogers,* 114 *Ga.* 357, 359 (40 S. E. 250) ; *Tuck* v. *Kellum,* 36 *Ga. App.* 465 (137 S. E. 102) ; *Bennett* v. *Danforth,* 36 *Ga. App.* 466 (137 S. E. 285).

3. The defendant, a married woman, executed the note sued on, as a second renewal of a note which she executed in her own name as principal for $300, while in truth the money was being borrowed by another, an agent and employee of the lender, who

could not borrow the money and execute the note in her own name on account of certain rules of the lender, a corporation, such other person so informing the defendant and getting her to execute the note in her own name, promising to pay it herself, the defendant receiving none of the proceeds of the loan. The lender had no knowledge of this arrangement, except that such employee knew thereof and knew that the defendant was a married woman, assuming that the third person in this case was a proper agent of the lender. See Code of 1910, § 3574. A principal is not bound by the acts of his agent when those acts are beyond the scope of his authority and the person dealing with the agent knows thereof. See also §§ 3576, 3593, 3595; *Cotton States Life Ins. Co.* v. *Scurry,* 50 *Ga.* 48, 52. While it is true that "notice to the agent of any matter connected with the agency is notice to the principal" (Code of 1910, § 3599; *Wilensky* v. *Martin,* 4 *Ga. App.* 187, 60 S. E. 1074), and while this rule is applicable to a corporation (*Holland* v. *McRae Oil & Fertilizer Co.,* 134 *Ga.* 678, 68 S. E. 555; *Wallis* v. *Heard,* 16 *Ga. App.,* 802, 86 S. E. 391), a corporation is not charged with notice to its officer or agent while he is acting in his private capacity and for his own benefit with third persons. *Peoples Bank of Talbotton* v. *Exchange Bank,* 116 *Ga.* 820 (43 S. E. 269, 94 Am. St. R. 144); *Alsabrooks* v. *Bank of Sparta,* 22 *Ga. App.* 693 (97 S. E. 111). "Where an agent conspires with the other party, his principal is not bound thereby, nor charged with knowledge of facts thus acquired by his agent." Code of 1910, § 3600; *Mayor &c. of Macon* v. *Dasher,* 90 *Ga.* 195. Notice to the agent will not be imputed to the principal where the person claiming the benefit of the notice colluded with the agent to cheat or defraud the principal. *Faircloth* v. *Taylor,* 147 *Ga.* 787, 789 (95 S. E. 689); *Pursley* v. *Stahley,* 122 *Ga.* 362 (5), 364 (50 S. E. 139). It is no defense to the note sued on that the person for whose benefit the defendant entered into the arrangement to evade the rules of the plaintiff corporation asked the defendant to sign a first renewal note, which was in blank, stating that it would be only for $150, as she had made payments on the original note; that the note was subsequently filled out for $300 or other sum in excess of $150 without the defendant's knowledge, where the plaintiff corporation, the payee of the note, had no notice or knowledge thereof other than through such agent, who was acting for her own interest, and against the rules of her employee, the payee and lender.

4. The above facts appearing, the trial judge did not err in directing a verdict for the plaintiff on the note signed by the defendant as apparent maker. *Tuck* v. *Kellum,* supra.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

GUERRY, J., concurring specially. This is a suit on a note signed by the defendant alone, and the defense is that she was a surety for some one else, not her husband. There is no plea or evidence that she signed this note through mistake or fraud, or that any one else was to have signed the note and was prevented from so signing. The Civil Code, § 3538, says: "The contract of suretyship is that whereby one obligates himself to pay the debt of another in consideration of credit or indulgence given, or other benefit given to his principal, *the principal remaining bound therefor*" (italics ours). In the present case there is no contention that there is any principal who is bound to pay this obligation. In *Jordan* v. *Douglas Grocery Co.,* 27 *Ga. App.* 296 (108 S. E. 139), it was said: "The very essence of a contract of suretyship is that there should be some-one liable as principal. This necessarily contemplates that where such a note is given there must be at least two parties who signed it and are liable for the payment thereof, the principal and the surety. As only one person signed the note sued on, that person must necessarily be the principal." The judgment for the plaintiff was properly directed.