25255. ALLMOND *et al. v.* MOUNT VERNON. BANK.

DECIDED JUNE 19, 1936.

*Saffold & Sharpe,* for plaintiffs in error.

*L. C. Underwood, John W. Underwood,* contra.

MACINTYRE, J. This was a suit on a note by the plaintiff bank against the defendant wife as principal maker, and the defendant husband as surety. The wife executed in favor of the bank as security for the note, a mortgage on certain realty belonging to her. The plaintiff prayed for judgment against the land as well as a general judgment on the note. The original note, of which the one sued on is a renewal, was signed by the husband and the wife as apparent joint makers. The wife filed her plea setting up that she signed the note as surety for her husband, and that she received no benefit therefrom. There was evidence in behalf of the defendants that the money was borrowed by the husband, with the wife signing the note as surety, and the money was credited to the husband's account in the bank; that the arrangements for the loan were made by the husband, and he offered his wife and the mort-

gage on her land as security for the loan, which were accepted by the bank; and that the loan was made under these arrangements. The plaintiff's evidence was that the loan was made to the wife, that the bank had no knowledge that the loan was for the husband and the proceeds were to be used to pay his debts; and that the wife, after the loan had been made to her, directed the bank to turn the money over to her husband to be placed to his credit in the bank. The jury returned a verdict in favor of the plaintiff. The defendants' motion for new trial was overruled, and they excepted.

1. The separate property of the wife is not liable for the payment of any debt or contract of the husband; and "while the wife may contract, she may not bind her separate estate by any contract of suretyship nor by any assumption of the debts of her husband, and any sale of her separate estate, made to a creditor of her husband in extinguishment of his debts, shall be absolutely void." Code, §§ 53-502, 53-503. A note made by the wife for a loan to her husband, and indorsed by him, where the payee of the note knows this fact at the time of its execution, can not be collected from her by the payee. *Knox* v. *Harrell*, 26 *Ga. App.* 772 (107 S. E. 594, 108 S. E. 117). And a mortgage or security deed to real estate of the wife to secure such loan, executed by the wife simultaneously with the note, does not bind her separate estate. *Knox* v. *Harrell*, supra; *Gross* v. *Whitely*, 128 *Ga.* 79 (57 S. E. 94). Pursuant to the provisions of the above Code sections it has often been held by the Supreme Court and by this court that a wife can not make any contract of suretyship for her husband or for any other person. *Ulman-Magill & Jordan Woolen Co.* v. *Magill*, 155 *Ga.* 555 (117 S. E. 657); *Hester* v. *Dreyer*, 19 *Ga. App.* 816 (92 S. E. 299); *Saulsbury Co.* v. *Weaver*, 59 *Ga.* 254. A conveyance of the wife's land as security for the debt of her husband is void. *Campbell* v. *Murray*, 62 *Ga.* 86; *Gross* v. *Whitely*, supra.

2. Whether a note and deed or mortgage were made by the wife as a part of a transaction to secure a debt of her husband, or for the purpose of paying the debts of her husband, is a question for the jury; and it may be shown by parol that the wife signed the note as surety. *Hawkins* v. *Kimbrell*, 158 *Ga.* 760 (124 S. E. 351); *Colquitt* v. *Dye*, 29 *Ga. App.* 247 (114 S. E. 643); *Benson*

v. *Henning,* 50 *Ga. App.* 492 (178 S. E. 406); Code, § 103-306. It is the duty of the judge, whether so requested or not, to charge the jury on the substantial and controlling issues raised by the pleadings and the evidence. *Clark* v. *Sapp,* 47 *Ga. App.* 91 (2) (169 S. E. 692). Under the plea of the wife and the evidence in this case, it was a question for the jury whether she signed the note as surety for the husband, and whether the mortgage on her land was given for such purpose. Nowhere in his charge to the jury did the judge instruct them to the effect that the separate property of the wife was not liable to the payment of any debt or contract of her husband, or that the wife could not lawfully sign a note or make any contract of suretyship, or that any loan made by the wife to pay her husband's debt would be void, or that any conveyance or mortgage of her land to secure a debt of the husband would be void; provided of course, in proper case, that the lender, grantee, or mortgagee had knowledge of the facts. In one of the grounds of the motion for new trial error is assigned on the failure of the judge to charge the jury the principle embraced in the Code, § 53-503. Therefore the wife was not given, by the instructions to the jury, the benefit of the defense pleaded by her and supported by the evidence. For the judge to state the substance of her plea in stating the contents of the pleadings would not cure this omission. The judge charged the jury that it was necessary that the bank have notice or knowledge of the wife's suretyship, etc. This did not amount to the direct instruction this defendant was entitled to receive on the defense raised by her plea and the evidence.

3. "Where a married woman signs a note ostensibly as a maker jointly with her husband, when in fact she is a surety only, before she can establish the fact of her suretyship as against the payee of the note it must be made to appear, despite her apparent relationship as principal, that the payee, with knowledge of the facts which would constitute her a surety, contracted with her as a surety." *Tuck* v. *Kellum,* 36 *Ga. App.* 465 (137 S. E. 102); *Bennett* v. *Danforth,* 36 *Ga. App.* 466 (137 S. E. 285); *Boles* v. *Hartsfield Co.,* 50 *Ga. App.* 442 (178 S. E. 416). In a suit against a wife on a note signed by her as apparent maker, the burden is on her to show that the payee had knowledge of the fact that she signed the note as surety for her husband. *Farmers &*

*Traders Bank* v. *Eubanks,* 2 *Ga. App.* 839 (59 S. E. 193). The judge did not err in charging the jury to the effect that the bank had to have knowledge of the fact that the wife in this case was a surety, before the defense pleaded by her would be available; and that the burden was on the wife to establish this defense.

4. The evidence did not demand a verdict for the bank as against the wife. The husband admitted his liability as a principal maker; so a verdict in his favor was not authorized, and no error was committed as to him. The motion for new trial of the husband was properly overruled. On account of the error in division 2, supra, a new trial is granted to the wife, the evidence not demanding the verdict against her.

*Judgment reversed in part and affirmed in part. Broyles, C. J., and Guerry, J., concur.*