26270. MAGID v. BEAVER.

DECIDED JULY 3, 1937. REHEARING DENIED JULY 28, 1937.

*Robert Lee Avary Jr., Robert McMillan, Bynum & Frankum,* for plaintiff in error.

*Hammond Johnson, Wheeler & Kenyon,* contra.

SUTTON, J. ■ "The wife is a feme sole as to her separate estate, unless controlled by the settlement. Every restriction upon her power in it must be complied with; but while the wife may contract, she may not bind her separate estate by any contract of suretyship nor by any assumption of the debts of her husband, and any sale of her separate estate, made to a creditor of her husband in extinguishment of his debts, shall be absolutely void." Code, § 53-503. "The contract of suretyship is one whereby a person obligates himself to pay the debt of another in consideration of credit or indulgence, or other benefit given to his principal, the principal remaining bound therefor." § 103-101. "The very essence of a contract of suretyship is that there should be some one liable as principal. This necessarily contemplates that where such a note is given, there must be at least two parties who signed it and are liable for the payment thereof, the principal and the surety." *Jordan* v. *Douglas Grocery Co.*, 27 Ga. App. 296, 297 (108 S. E. 139). See *Saxon* v. *National City Bank*, 169 Ga. 784, 788 (151 S. E. 501); *Meeks* v. *Withers*, 181 Ga. 787, 794 (184 S. E. 604). "While a wife can not bind her separate estate by any contract of suretyship, nor by any assumption of the debts of her husband, nor sell her property in extinguishment of his indebtedness, she may nevertheless, upon her own responsibility and voluntarily, enter into a contract for borrowing money and give her note therefor and a mortgage upon her property to secure its payment, and such a contract will be binding on her though the party with whom she contracts may know she intends to use the borrowed money for her husband's benefit." *Johnson* v. *Leffler*, 122 Ga. 670 (50 S. E. 488). See citations supra; *Edwards* v. *Warnell*, 177 Ga. 469 (170 S. E. 365); *Virginia-Carolina Chemical Corporation* v. *Burton*, 42 Ga. App. 711 (2) (157 S. E. 384). Where a husband exercised duress or coercion upon his wife in order to induce her to borrow money from a third person and give her note and a security deed therefor, and where it does not appear that the lender instigated, was a party to, or knew of such conduct at the time of making the loan, or had reason to apprehend that the husband had coerced the wife into

signing such instruments, the contract is not vitiated thereby. *Johnson* v. *Leffler,* supra; *Skinner* v. *Braswell,* 126 *Ga.* 761 (55 S. E. 914); *Garrett* v. *Thornton,* 157 *Ga.* 487 (2) (121 S. E. 820); *Pendergrass* v. *New York Life Insurance Co.,* 163 *Ga.* 671 (2) (137 S. E. 36); *Meeks* v. *Withers,* supra.

Applying the above principles of law to the facts of the present case, which involved a suit on a note secured by a loan deed, the execution and delivery of which was admitted by the defendant, but where a defense was set up that the same were signed and given for the purpose of meeting an obligation and debt of the defendant's husband and a corporation controlled by him, and that the note was solely a contract of suretyship, but where the uncontradicted evidence showed that the lender was approached by the defendant's husband and that he represented his wife in such transaction, although the lender informed him that he would not make the loan except on the note and security of the wife, and suggested that the husband endeavor to have her sign the papers in order to obtain funds for the corporation (which was in law an entirely separate entity from the husband), but the lender participated in no conferences between the husband and the wife, and neither suggested nor was a party to any scheme, fraud, duress, undue persuasion, or coercion upon the wife, the uncontradicted evidence further showing that the wife admittedly understood that the money to be procured from the lender was to be used to pay obligations of the corporation, incurred by that corporation, and not to be paid to the lender, that the wife alone signed the papers, and that a check representing the loan by the lender, who was not a creditor of the husband or the wife, was made payable to the wife and delivered to her and personally indorsed by her to the corporation, without any undue persuasion or coercion on the part of anybody, and the check was then indorsed and deposited by the corporation in a certain bank, the funds being thereafter withdrawn by the checks of the corporation, made payable to and delivered to the creditors of the corporation, no part of such funds being at any time paid to the lender, the court did not err in directing the verdict for the plaintiff.

■ Several grounds of the motion for new trial complain of the refusal of the court to admit in evidence certain testimony as to alleged undue persuasion or coercion on the part of the hus-

band towards the wife. Another ground complains of the refusal of the court to admit testimony as to the condition of the wife at the time of signing the papers. The evidence not showing that the lender was a party to any improper practices on the wife, these grounds are without merit. Another ground, complaining of the refusal of the court to admit testimony that the insurance for which part of the proceeds of the loan was paid did not apply to her property, is without merit, the record showing that such evidence was afterwards introduced. In such circumstances the defendant was not harmed. The ground complaining of the admission of testimony that the husband had organized a number of corporations is without merit. It was perhaps irrelevant except as to the general credibility of the witness; but in cases of doubtful admissibility the general rule is to admit the testimony. One ground complains of the refusal of the court to permit the defendant to testify as to the contents of a letter alleged to have been written by the lender to the husband, as to the conditions under which the loan would be made; but as the defendant's knowledge of the loss of the letter and its inaccessibility was so meager, and the husband, to whom the letter was alleged to have been written, was present in court and not called to testify as to whether or not he had the letter, the court's discretion as to the propriety of admitting the parol evidence under the circumstances will not be disturbed. One ground complains of the exclusion of a letter from the husband to the plaintiff, containing a detailed statement of the disbursement of funds obtained from the plaintiff in transactions entirely independent of the loan to the defendant; and being entirely irrelevant, it was properly rejected by the court. Another ground complains of the exclusion of a loan deed made by the corporation to the plaintiff, conveying properties entirely separate from that involved in the present suit, and as to which the defendant was in no way involved. Such evidence was clearly inadmissible. Other grounds are to the effect that the court erred in directing the verdict for the plaintiff, but they are controlled by what has already been said, and further discussion is unnecessary.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*