## 26270. MAGID v. BEAVER.

DECIDED MAY 4, 1938.

*Robert Lee Avary Jr., Robert McMillan, Bynum & Frankum,* for plaintiff in error.
*Hammond Johnson, Wheeler & Kenyon,* contra.

SUTTON, J. The present case, which involved a suit on a note and in which the defendant set up a defense that the contract was one of suretyship for the debt of her husband, was previously be-

fore this court as reported in *Magid* v. *Beaver*, 56 *Ga. App.* 286 (192 S. E. 532). This court affirmed the judgment of the trial court in directing a verdict for the plaintiff. Upon certiorari to the Supreme Court the judgment of this court was reversed, 185 *Ga.* 669 (196 S. E. 422), the Supreme Court holding that "under the facts it was erroneous to direct the verdict in favor of the plaintiff, in view of the plea of the defendant, and the provision of the Code, § 53-503, which in part declares that a wife may not bind her separate estate by any contract of suretyship nor by any assumption of the debts of her husband." In the opinion the Supreme Court held that under the evidence a jury question was presented as to whether or not the transaction was a colorable scheme instigated by the lender whereby the wife should become surety for the debts of her husband or to assume his debts, and in view of what was there held the following rulings are now made.

Grounds 1, 2, 5, 6, 7, 8, and 15 of the motion for new trial, assigning error on the rejection of evidence offered to show coercion upon the wife and the alleged colorable nature of the transaction, should have been sustained by the trial court. Ground 3, complaining of the refusal of the trial court to admit testimony that the insurance for which part of the proceeds of the loan was paid did not apply to the property of the wife, is without merit inasmuch as the evidence was later introduced. Ground 4, complaining of the admission of testimony that the husband had organized a number of corporations, is without merit. It was perhaps irrelevant except as to the general credibility of the witness; but in cases of doubtful admissibility the general rule is to admit the testimony. Ground 9, complaining of the refusal of the court to permit the defendant to testify as to the contents of a letter alleged to have been written by the lender to the husband as to the conditions under which the loan would be made, is without merit for the reason that the defendant's knowledge of the loss of the letter and its inaccessibility being so meager and the husband, to whom the letter was alleged to have been written, being in court and not being called on to testify as to whether or not he had the letter, the court's discretion as to the propriety of admitting the parol evidence under the circumstances will not be disturbed. Ground 10 of the motion complains of the exclusion of a letter from the husband to the plaintiff, containing a detailed statement

of the disbursement of funds obtained from the plaintiff in transactions entirely independent of the loan to the defendant; and being entirely irrelevant the court properly rejected the documentary evidence. Ground 14 complains of the exclusion of a loan deed made by the corporation, of which the defendant's husband was president, conveying property entirely separate from that involved in the present suit, and as to which the defendant was in no way involved. Such evidence was clearly inadmissible.

Under the ruling of the Supreme Court other grounds of the motion assigning error on the direction of the verdict should have been sustained by the trial court. The issue made by the plea of the defendant, and the evidence introduced, and that which should have been admitted on the trial, should have been submitted to the jury for determination, and the court erred in directing a verdict in favor of the plaintiff. Because of the decision of the Supreme Court the judgment and opinion of this court heretofore rendered are vacated and set aside, and the judgment of the trial court is reversed.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*