## 27953. MORELAND v. HAYNES.

DECIDED MARCH 13, 1940. REHEARING DENIED MARCH 23, 1940.

*W. B. Robinson,* for plaintiff. *Erwin & Allen,* for defendant.

MacIntyre, J. This is a suit on a note given for the purchase of an automobile, against L. E. Haynes and Mrs. Laura Haynes. L. E. Haynes filed no defense, and the court directed a verdict against him. Mrs. Haynes, the defendant in error, admitted the execution of the note, but contended that she was a married woman and had signed the note as surety for her son, L. E. Haynes, and could not be held liable thereon. The jury returned a verdict in favor of the defendant, and the plaintiff excepted to the overruling of the motion for new trial. The only question is whether Mrs. Haynes signed as joint maker or as surety.

■ A wife can not make any contract of suretyship for her husband or any other person. *Allmond* v. *Mount Vernon Bank,* 53 *Ga. App.* 565 (186 S. E. 581) ; Code, § 53-503. On the face of the note in the instant case the following appears: "I, we or either of us, promise to pay, . . " and the note is signed "L. E. Haynes. (L. S.) Laura Haynes. (L. S.)" It is the rule that in a suit against a wife on a note signed by her as apparent joint maker, the burden is on her to show that the payee had knowledge of the fact that she signed the note as surety for the real maker. *Allmond* v. *Mount Vernon Bank,* supra. The defendant contends that she is married, and signed as surety with the plaintiff's knowledge, and that she is not liable on the instrument. The plaintiff contends that the defendant failed to sufficiently carry the burden of proving her defense. Mrs. Haynes testified: "I signed the note in question. My son, L. E., went to Chatsworth and bought the car, then he and Mr. J. L. Moreland [plaintiff's son] brought the note down to my home for me to sign. I asked them to read the note to me but neither of them did it. I asked Mr. Moreland two or three times, but the note was never read to me. I signed the note as surety for my son. Mr. J. L. Moreland stated to me that my signing the note did not bind me or obligate me in any way. I had nothing to do with buying the automobile. L. E. had already bought it and signed the note, and Mr. Dooly, the ordinary, had witnessed it. I was a married woman when I signed the note. This was down at my home at Oakman, Georgia. There was present at the time Mr. J. L. Moreland, my son, L. E. Haynes, the

other party defendant in this case, and myself." There is a sharp conflict in the testimony as to the capacity in which the defendant signed the note. The plaintiff's agent and the defendant's own son testified that she signed as joint maker with the defendant's son. The defendant's testimony, as shown above, was in effect that she signed this note as surety only, and that the defendant's agent knew this at the time she signed. This conflicting testimony presented a question solely for the determination of the jury, and they were authorized to find that the note had already been executed by her son at the time they brought it to her for her signature; and that by her testimony, "Mr. J. L. Moreland [plaintiff's son and agent] stated to me that my signing did not bind or obligate me in any way," the defendant meant to convey the fact that Mr. Moreland had said to her that they wanted her to sign the note as surety in order that her son could purchase the car, and that she signed in the capacity of surety and in no other. The jury decided these issues of fact in favor of the defendant, and the evidence not demanding a verdict for the plaintiff this court can not interfere.

The judge charged the jury in part as follows: "If, upon considering the evidence in this case, you find there is a conflict between the witness or witnesses and documentary evidence, it is your duty, where it can be done, to reconcile conflicting testimony, if there be such in the case, as that all the witnesses shall be made to speak the truth and without imputing perjury to any witness; and if that can not be done it then becomes your duty to believe those witnesses whom you think most credible, and you may look at their interest or want of interest in the result of the case, their bias or prejudice, if any appears, and the reasonableness or unreasonableness of their testimony, their familiarity with the facts to which they testify, and the personal credibility of the witnesses so far as the same may legitimately appear to you from the trial of the case. But the jury, as stated, are at last the sole and exclusive judges as to what witness or witnesses they will believe, and what witness or witnesses they will disbelieve." The plaintiff in error in effect contends that this charge was erroneous because it withdrew from the consideration of the jury the note sued on, and that it gave them the idea that the evidence they were to consider was that delivered by the witnesses from the stand to the entire exclusion

of the note. The excerpt complained of was in effect in the language of the charge approved in *Chicago Building &c. Co.* v. *Butler,* 139 *Ga.* 816 (9) (78 S. E. 244), and in *Central Railroad & Banking Co.* v. *Attaway,* 90 *Ga.* 656 (2) (16 S. E. 956), and did not have the effect, as contended by the plaintiff in error, of excluding the note from the consideration of the jury. Especially is this true in view of the fact that elsewhere the judge charged the jury as follows: "I charge you, further, gentlemen of the jury, that where two persons sign a note ostensibly as joint makers, and there is nothing in the note to show that one is surety for the other, the presumption of law is that both are liable as joint principals, and that this rule applies where one of the signers is a married woman as in the case on trial; and that to overcome this presumption of law the burden of proof is upon the defendant to show by a preponderance of the testimony that she signed the note as surety only, and that the payee of the note contracted with her and accepted such note with knowledge that she was signing the same at the time of the making thereof as such surety only." This ground is not meritorious. See *Western & Atlantic Railroad Co.* v. *Tate,* 129 *Ga.* 526 (3), 530 (59 S. E. 266) ; *Waynesboro Planing Mill* v. *Perkins Manufacturing Co.,* 35 *Ga. App.* 767 (6) (134 S. E. 831).

This headnote requires no elaboration.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*