28810. GEORGE *v.* SEABOARD LOAN & SAVINGS ASSOCIATION INC.

DECIDED JULY 15, 1941. REHEARING DENIED JULY 31, 1941.

A. E. Wilson, for plaintiff in error.
Robert T. Efurd, Mose S. Hayes, contra.

BROYLES, C. J. The Seaboard Loan & Savings Association Inc. (hereinafter called the plaintiff) sued Mrs. Constance George and her husband, E. C. George, on a promissory note, for $347.56 principal, with interest thereon, and 20 per cent. as attorney's fees. A copy of the note was attached to the petition as exhibit A. The exhibit shows that the note was dated May 28, 1938, and was signed on its face by both Mrs. George and her husband, and that they promised therein to pay the plaintiff the sum of $625, with interest at six per cent. per annum, together with twenty per cent. as attorney's fees, if collected by law or through an attorney at law. The note recited that it was "given for the purchase-price of 125 two

per cent. investment certificates of Seaboard Loan & Savings Association Inc., which has been issued to the maker hereof;" and "there has been deposited and pledged as collateral security for the payment of this note the following property, to wit: all household and kitchen furniture, as shown by bill of sale." The note also contained the following stipulation: "We do hereby agree to comply with the terms and conditions of the charter, and by-laws, rules, and regulations of Seaboard Loan & Savings Association Inc., now in force, or which may hereafter be adopted." A copy of the bill of sale, conveying the furniture to the plaintiff and signed by Mrs. George and her husband, was attached to the petition as exhibit B. The petition alleged that the note "is past due and unpaid, and plaintiff has made demand on said defendants for said sum, and defendants have refused to pay said sum or any part thereof;" and that plaintiff had given the defendants the required ten days notice as to attorney's fees. The plaintiff further alleged "that it is a like association to a building and loan association as provided under Code § 2878 of Code of 1910 [Code, § 16-101], and that the conditions precedent to the operation of said business as provided in said Code section have been fully complied with." George filed no defense to the suit. Mrs. George in her answer admitted that she executed the note and the bill of sale, but denied she was liable thereon because she was forced by her husband to execute said papers and did so under protest, declaring at the time to plaintiff's officials that the money obtained "was to be used for the payment of her husband's debts;" that "she got no benefit from the money advanced by plaintiff, that the same was used for the benefit of her husband, and that the plan arranged to induce her to sign said note and bill of sale was devised as a means to avoid the laws of this State relative to a married woman becoming a security;" that while said note shows on its face that it was given for the purchase-price of investment certificates of the plaintiff association, "that in fact this is a pretense used by plaintiff to cover up the real intent and purpose of the instrument executed; that the said instrument sued on having been given in fact by her husband for the purpose of procuring money for his own personal benefit, whereas the same was executed to appear as a personal obligation of this defendant." Mrs. George further alleged "that at the time of said transaction plaintiff deducted the sum of $50 as interest,

and the further sum of $12.50 as expense for 'investigation,' that the note sued on provided for interest from date, therefore defendant pleads that said contract is tainted with usury and is void to that extent." After the introduction of evidence by both parties the court directed a verdict in favor of the plaintiff for the amount sued for. A new trial was denied and that judgment was assigned as error.

The following stipulation by both parties as to the introduction of documentary evidence appears in the transcript of the record: "1. A check by Seaboard to Constance George for the sum of . . $134.15 . . and endorsed by Constance George to pay off a loan due the Hartsfield Loan Co. 2. A check to Constance George for . . $6.25 . . and endorsed by Constance George, also endorsed by George Inc. 3. A check of the Seaboard to Constance George for . . four hundred twenty-one and 60/100 [dollars] and endorsed by Constance George and also by George Inc. 4. A certified copy of the adjudication of one of the defendants, Emanuel C. George, wherein the assets it scheduled in bankruptcy he, one of the defendants is shown, and where it is shown that the defendant Emanuel C. George does not own any stock in George Inc. 5. A note payable to Seaboard for the sum of . . $625 . . same being signed by Mrs. Constance George. (Copy of which is attached to plaintiff's petition.) 6. A certain investment certificate due within fifty-two weeks from date, issued to Mrs. Constance George. This certificate carrying the transfer thereon to Seaboard to secure a loan of . . $625. 7. A note payable to Seaboard for . . $625 . . and being signed by Mrs. Constance George, Elaine C. George and E. George, the note attached by copy to plaintiff's petition. 8. A certain bill of sale signed by Mrs. Constance George and E. George conveyed to the Seaboard certain personal property to secure payment of the note issued, a copy of same being attached to plaintiff's petition. 9. A copy of the charter of Seaboard Loan and Savings Assn. Inc., wherein there appears and is distinctly set forth the right and privilege to do business under what is commonly known as a like association to a building and loan association and particularly that business set forth and described in Code section 16-101 of the Georgia Code. 10. The minutes of the Seaboard Loan & Savings Assn. Inc., wherein is set forth and described the manner of busi-

ness in which the Seaboard shall operate and particularly the setting forth and describing and specifying that the Seaboard Loan & Savings Assn. Inc. was and would operate as a like association to a building and loan association, and particularly that kind of business set forth and described in Code section 16-101 of the Georgia Code. We, the undersigned, do hereby agree that the exhibits specified in the within and foregoing are true; that is to say, said exhibits were entered and same would have set forth and shown what is specified and set forth therein, to wit: 1. The checks to have shown that they were issued for the amount specified and were endorsed by Mrs. Constance George, etc. 2. That the notes and bills of sale showed what was specified as to the amount and as to whom same were payable. 3. That the charter and by-laws of the company would show and do show that Seaboard Loan & Savings Assn. Inc., at the time of the payment of this loan . . was doing business as a like association to a building and loan association and operating under Code section 16-101 of the Georgia Code. 4. That the schedule setting forth the bankruptcy of one of these defendants shows that that particular defendant did not own any stock or have any interest in George Inc."

On the trial Mrs. George admitted having received the notice of the plaintiff's claim for attorney's fees. The evidence disclosed the following undisputed facts: Mrs. George was secretary of "George Incorporated," at the time she executed the note sued on, and held twelve shares of the stock of that corporation. She worked for the corporation "off and on," and received a salary for her work. When George left Atlanta in 1938, she continued to operate the corporation. The checks (or most of them) received from the plaintiff were put in the bank account of the corporation; and neither she nor her husband ever paid any amount of the loan obtained by her and him from the plaintiff. At the time the loan was negotiated neither she nor her husband was indebted to the plaintiff. When the loan was procured, Mrs. George, or the corporation, had a loan from Hartsfield Company Inc., which loan was in default, and the check issued to Mrs. George by the plaintiff and endorsed by her for the sum of $134.15 was turned over to Hartsfield Company Inc., and paid off that loan, and none of the $134.15 was ever paid back by her or her husband to the plaintiff. The plaintiff issued to Mrs. George two other checks, one for $421.60,

and one for $6.25, both checks being indorsed by her and George Inc.

Under the above-stated facts it clearly appears that the note sued on represented an original transaction between Mrs. George and the plaintiff, since at the time the loan was made neither Mrs. George nor her husband *was indebted to the plaintiff*. *Planters Bank* v. *Ware,* 27 *Ga. App.* 719 (109 S. E. 678). It also clearly appears from the documentary evidence that either Mrs. George, or the corporation in which she was a stockholder and an officer, received the benefits of the money (or most of it) obtained by her from the plaintiff. Moreover, if her husband received any part of the money to pay his own debts, she, under the facts of the case, had the burden of showing how much that part was (*Planters Bank* v. *Ware,* supra), and that burden she failed to carry. Furthermore, it is undisputed that whatever amount, if any, that the husband received, was turned over to him by his wife, and the fact that she did so unwillingly and protested to the plaintiff against doing so does not relieve her from liability. In *Planters Bank* v. *Ware,* supra, headnote 1 reads as follows: "A married woman may lawfully borrow money and give it to her husband to apply in satisfaction of his debts (*Allen* v. *National Bank of Tifton,* 14 *Ga. App.* 299, 80 S. E. 697) ; but if the lender is the husband's creditor and makes the loan to the wife for the purpose of collecting his own indebtedness, her obligation can not be enforced. *Ginsberg* v. *Peoples Bank,* 145 *Ga.* 815 (89 S. E. 1086)." As stated before, the undisputed evidence in the instant case showed that the lender at the time of the loan was not the husband's creditor. In our opinion, under the undisputed evidence, Mrs. George was liable on the note sued upon. The cases cited in behalf of the plaintiff in error are distinguished by their particular facts from this case.

The only other question in the case is whether the transaction was usurious, as charged in the answer of Mrs. George. The undisputed evidence disclosed that the plaintiff was doing business as a like association to building and loan associations; and Code, § 16-101, provides that it shall be lawful for such an association "to deduct interest in advance, but not to exceed eight per cent. discount, and the installment payments, if any, made on such hypothecated stock or certificates of indebtedness during the time the loan is of force may or may not bear interest, at the option of the asso-

ciation, and the taking of said installment payments on said hypothecated stock, certificates of indebtedness, choses in action, or other evidences of indebtedness shall not be deemed usurious." The evidence failed to show that the loan transaction was tainted with usury. The court did not err in directing the verdict for the plaintiff.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*