45840.   GEORGIA ELECTRIC COMPANY, INC. et al.
v. MALONE et al.

ARGUED JANUARY 4, 1971—DECIDED FEBRUARY 4, 1971—
REHEARING DENIED MARCH 9, 1971.

*Gambrell, Russell, Killorin, Wade & Forbes, David A. Handley, John D. Saunders,* for appellants.

*Smith, Gardner, Wiggins, Geer & Brimberry, B. C. Gardner, Jr.,* for appellees.

DEEN, Judge. 1. It is first contended that Malone has not shown, even if it be conceded that there was any wrongful act resulting from any conspiracy on the part of Gibson, Hall and Richards & Associates, that Georgia Electric was a party thereto or had any interest in who bought the stock and that, this being so, the attempt to bring the other defendants into this case must meet with failure. *Code Ann.* § 109A-8—403 is cited as to the limited duty of an issuer to inquire into the transfer of stock registrations on its books. The section is pertinent only as to the acts of the corporate entity itself; the gist of the complaint here is the agreement of Hall, representing Georgia Electric, with Wade, representing Richards. A corporation can act only through its agents, and since Malone was in the act of relinquishing his corporate interest, this left Hall as the only agent in charge of the affairs of Georgia

Electric, and his knowledge within the scope of the corporate business was necessarily the knowledge of the corporation. To all intents and purposes, Hall *was* Georgia Electric at the time of the stock transfer, whether it occurred in fact on July 3 or December 5 as shown by the minutes, and therefore the affidavit of Georgia Electric, signed by Hall, that Georgia Electric had no knowledge of facts to the contrary cannot in and of itself insulate the plaintiff from the countercharges of conspiracy made by Malone in such manner as to avoid a jury trial on the issues. *Liberty Lumber Co. v. Silas,* 181 Ga. 774, 776 (184 SE 286); 3 Fletcher, Cyclopedia of the Law of Private Corporations, § 830. The minutes of a meeting of Georgia Electric dated December 6 state that the "purpose of the meeting was the announcement of James H. Hall that he had sold 225 shares of his stock to Richards & Associates, Carrollton, Ga. on December 5, 1969." They were signed by James H. Hall, President. Hall, the president, was the alter ego of the corporation and had the same knowledge as Hall, the stockholder. The minutes themselves were a corporate act. Therefore, the contention that the corporation as original defendant in counterclaim could not be a part of an alleged conspiracy with the new defendants sought to be added by the counterclaim cannot be used as a reason for dismissing the latter or rendering summary judgment in their favor. While it is true as stated in *King Mfg. Co. v. Clay,* 216 Ga. 581, 586 (118 SE2d 581) that it is no concern of the corporation who purchases its stock, this does not exactly hit the question posed, which is whether there was a conspiracy to enable Hall to dispose of the stock prior to its purchase in such manner as to frustrate the contractual rights of Malone.

2. But it is further contended that the depositions unequivocally establish that Malone made an outright sale to Hall, who had the unfettered right to dispose of the stock as his personal property in whatever way he saw fit. This may well be true, but under all the facts of the case, it is not a matter to be decided on summary judgment. True, Malone's buy-or-sell offer to Hall makes no mention of future competition so as to keep it between the parties rather than between one of them and a larger and more difficult competitor. The letter of Malone indicates that it is in confirmation of a telephone conversation, and does not demand the conclu-

sion that the whole of the agreement is contained therein. The rule is that all attendant and surrounding circumstances may be proved, and that if it is manifest that the writing was not intended to speak the whole contract parol evidence is admissible. *Code Ann.* § 20-704 (1). Malone swears positively that both parties understood, in accordance with a previous agreement, that the buy-or-sell offer was personal in nature and could not be brokered to another. From the record before us we can make no decision as to whether or to what extent parol evidence is to be held admissible in regard to the present contract nor what its effect may be on the trial of the case. The trial court properly denied the motion for summary judgment of each of the defendants in counterclaim.

*Judgment affirmed. Bell, C. J., and Pannell, J., concur.*