59151, 59152. LOWE'S OF ATHENS, INC. v. DUVALL; and vice versa.

SHULMAN, Judge.

Plaintiff-Lowe's of Athens, Inc. (hereinafter "Lowe's") brought suit against defendant for his alleged nonpayment of a balance due on account. The trial court granted defendant's motion for directed verdict, holding that by virtue of a release purportedly signed by an agent (one Ken Swindle) of Lowe's, plaintiff was equitably estopped to recover any additional monies on such

account. On appeal we reverse the trial court's grant of directed verdict for defendant. On cross appeal we uphold the court's ruling admitting certain testimony into evidence.

The pertinent facts are as follows. Defendant engaged a building-contractor, Tom Rice (not a party to this suit) to construct broiler houses on defendant's property. Plaintiff and defendant apparently agreed that Mr. Rice would be allowed to purchase construction supplies from plaintiff, on defendant's behalf. (Indeed, it was agreed that the draws used to purchase such supplies, payable by the FHA from defendant's loan account with FHA, be made jointly payable to plaintiff, the defendant and Rice.) Upon defendant's alleged failure to make payment for certain goods allegedly purchased by Mr. Rice for defendant, plaintiff brought the instant action.

In its responsive pleadings defendant set forth the defense of equitable estoppel, contending that a release agreement signed in plaintiff's name, wherein it was stated that plaintiff had received payment in full for all equipment supplied Mr. Rice for the defendant, precluded its recovery of any additional monies on said account. Plaintiff argued that the evidence did not support the defense of equitable estoppel in that defendant had constructive knowledge that Lowe's had not authorized its assistant manager, Mr. Swindle, to sign its name to the release agreement, which implied knowledge, plaintiff asserted, negated one of the essential elements of the defense of equitable estoppel (i.e., lack of knowledge). (See *Bell v. Studdard,* 220 Ga. 756, 760 (141 SE2d 536) for a discussion of the necessary elements of the defense of equitable estoppel.) Since we agree with plaintiff's assertion that genuine issues of fact remain for jury resolution in regard to defendant's knowledge, the grant of a directed verdict in favor of defendant based on principles of equitable estoppel was improper.

First, the evidence was conflicting on the issue of the capacity in which Mr. Rice sought the release from Lowe's. This is significant in that if it was found that Rice acted as defendant's agent in securing the release from plaintiff, Rice's knowledge regarding the propriety of the plaintiff's signature (affixed by Swindle) on the release

may be imputed to defendant, his principal. Plaintiff, of course, maintains that Rice held himself out as defendant's agent and, indeed, acted as defendant's agent (just as he had previously done in purchasing construction supplies for defendant) in securing the release. Defendant, on the other hand, argues that Rice sought the release, not in his capacity as defendant's agent, but solely in his private capacity, since Rice required such document in order to receive payment for this work. Since the evidence on the issue of Rice's position or status in seeking the release was conflicting, it was properly a matter for jury resolution.

Second, assuming it was determined that Rice represented the defendant in obtaining the release, if it was also determined that Rice was informed by Swindle that his signature on the release could not bind Lowe's, such knowledge would be imputed to the defendant, for " 'notice to the agent of any matter connected with the agency is notice to the principal.' [Cit.]" *Boles v. Hartsfield Co.,* 50 Ga. App. 442, 444 (178 SE 416). See also *Williams v. Waldrop,* 216 Ga. 623 (2) (118 SE2d 465). With this knowledge defendant would not be entitled to assert as he must, in accordance with the doctrine of equitable estoppel, his reliance on the validity of such release.

On the other hand, even if the trier of fact finds that Rice was defendant's agent when he obtained the release, if the evidence shows that Rice colluded or conspired with plaintiff for his own benefit (or to defraud the defendant), despite the parties' agency relationship, defendant-principal would not be charged with the " 'knowledge of facts thus acquired by his agent.' " *Boles,* supra, p. 444. See also Code Ann. § 4-310.

Since the facts are in controversy regarding Swindle's alleged lack of authority to sign plaintiff's name to the release (see in this regard *Midtown Prop., Inc. v. George F. Richardson, Inc.,* 139 Ga. App. 182 (1) (228 SE 303)); Rice's knowledge of such lack of authority; Rice's relationship to defendant at the time he secured the release; and possible collusion between Rice and the plaintiff in the making of the release, a directed verdict in defendant's favor on the basis of equitable estoppel was improper.

On cross appeal, cross appellant (defendant-appellee in the main appeal) complains of the admission of certain testimony allegedly varying the terms of the parties' written contract, in violation of the parol evidence rule. We cannot agree.

The trial court properly allowed testimony regarding the circumstances surrounding and attendant to the alleged release agreement to aid in its construction of such document. See *Ga. Elec. Co. v. Malone,* 123 Ga. App. 439 (2) (181 SE2d 317).

Since the release itself did not indicate who allegedly represented plaintiff in affixing plaintiff's corporate name to such document, the trial court properly admitted evidence regarding the circumstances surrounding the placement of plaintiff's signature on the release. Compare *Midtown Prop.,* supra, Division 1.

The evidentiary ruling was proper. The judgment of the trial court directing that the verdict be entered in favor of the defendant is reversed.

*Judgment reversed on main appeal; affirmed on cross appeal. Quillian, P. J., and Carley, J., concur.*

SUBMITTED JANUARY 8, 1980 — DECIDED FEBRUARY 15, 1980.

*John E. Kardos,* for appellant.
*David G. Kopp,* for appellee.